Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Movant and [Proposed]*
*Lead Counsel for the Class*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITCHELL KATES, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> FAT BRANDS INC., ANDREW A. WIEDERHORN, KENNETH J. KUICK, and ROBERT G. ROSEN, <br><br> Defendants. | Case No. 2:24-cv-04775-MWF-MAA <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF MITCHELL KATES FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL** <br><br> <u>CLASS ACTION</u> <br><br> JUDGE: Michael W. Fitzgerald <br> HEARING: September 9, 2024 <br> TIME: 10:00 a.m. <br> CTRM: 5A |

# **TABLE OF CONTENTS**

I.     PERTINENT BACKGROUND................................................................1

ARGUMENT.........................................................................................6

II.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF.................6

   A. Movant Is Willing to Serve as Class Representative ...............................7

   B. Movant Has the Largest Financial Interest in the Action ........................7

    C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure.......................................................................................8

   D. Movant Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses ...................................................10

III.    MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED ....................................................................................................11

CONCLUSION ..........................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*In re Cavanaugh*,
   306 F.3d 726, 729-30 (9th Cir. 2002)..............................................................6,7,9

*Richardson v. TVIA*,
   2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) .........................................7,9

## Statutes

15 U.S.C. §78u-4(a)...............................................................................................passim

## Rules

Fed. R. Civ. P. 23....................................................................................................8,9

Mitchell Kates ("Movant") respectfully submits this memorandum in support of his motion for an Order, pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(1) appointing Movant as Lead Plaintiff for all purchasers or acquirers of publicly traded securities of Fat Brands Inc. ("Fat Brands" or the "Company"), including Fat Brands Class A common stock (ticker symbol: FAT), Fat Brands Class B common stock (ticker symbol: FATBB), Fat Brands 8.25% Series B Cumulative Preferred Stock (ticker symbol: FATBP), and Fat Brands Warrants (ticker symbol: FATBW) between March 24, 2022 and May 10, 2024, both dates inclusive (the "Class Period"), to recover damages caused by Defendants' violations of the federal securities laws (the "Class"); and

(2) appointing The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel for the Class.

## I.    PERTINENT BACKGROUND

This action was commenced on June 7, 2024, against Fat Brands Inc., Andrew A. Wiederhorn, Kenneth J. Kuick, and Robert G. Rosen ("Defendants") for violations under the Exchange Act. Dkt. No. 1. That same day, Rosen Law issued an early notice pursuant to the PSLRA advising class members of, among other

1

things, the allegations and claims in the complaint, the Class Period, and of their option to seek appointment as Lead Plaintiff. *See* Declaration of Laurence M. Rosen ("Rosen Decl."), Ex. 1, filed herewith.

Defendant Fat Brands describes itself as "a leading multi-brand restaurant company that develops, markets, acquires and manages quick-service, fast casual, casual dining and polished casual dining restaurant concepts around the world[.]" Dkt. No. 1 ¶ 7.

The Complaint alleges that throughout the Class Period, Defendants made false and/or misleading statements and/or failed to disclose that: (1) Defendants failed to disclose that Andrew A. Wiederhorn, the Company's Chairman and former CEO, had received improper payments from the Company, exposing Fat Brands to criminal liability; and (2) as a result, Defendants' statements about its business, operations, and prospects, were materially false and misleading and/or lacked a reasonable basis at all times. *Id*. ¶ 32.

On May 10, 2024, the United States Attorney's Office for the Central District of California issued a press release entitled "Former CEO and Controlling Shareholder of Fat Brands Inc., Former CFO, and a Tax Advisor Indicted in Alleged Scheme to Conceal $47 million Paid to CEO in the Form of Shareholder Loans." (the "Announcement"). *Id*. ¶ 33.

2

The Announcement specified that the indicted parties were Fat Brands itself, Andrew Wiederhorn (the former CEO and current controlling Fat Brands shareholder), Rebecca Hershinger (the former Fat Brands CFO), and William J. Amon (a one-time managing director of Andersen's Los Angeles office, who provided tax-advisory services to Wiederhorn, Fat Brands, and Fog Cutter Capital Corporation, a former Fat Brands affiliate). *Id*. ¶ 34.

The Announcement further stated that "Andrew A. Wiederhorn, the former CEO and current controlling shareholder of [Fat Brands], has been indicted on federal charges alleging a scheme to conceal $47 million in distributions he received in the form of shareholder loans from the IRS, FAT's minority shareholders, and the broader investing public[.]" *Id*. ¶ 35.

It further stated that "Wiederhorn-assisted by FAT's [CFO] and his outside accountant at advisory firm Andersen – concealed millions of dollars in reportable compensation and taxable income and evaded the payment of millions of dollars in taxes, ***while causing FAT itself to violate the Sarbanes-Oxley Act's prohibition on direct and indirect extensions of credit to public-company CEOs in the form of a personal loan***." (Emphasis added). *Id*. ¶ 36.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF MITCHELL KATES FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL
2:24-cv-04775-MWF-MAA

Attached to the Announcement was the indictment against Andrew Wiederhorn, William J. Amon, Rebecca D. Hershinger, and Fat Brands (the "Indictment"). *Id*. ¶ 41.

The Indictment stated, in pertinent part, the following:

After defendant [Fat Brands] became an issuer of securities through its IPO, defendant [Wiederhorn] caused millions of dollars from defendant [Fat Brand's] accounts to be disbursed to defendant [Wiederhorn] and his family members for their personal benefit. ***These disbursements were used to fund the purchase of private-jet travel, vacations, a Rolls Royce Phantom, other luxury automobiles, jewelry, and a piano***. Defendant [Wiederhorn] caused employees of defendant [Fat Brands] to account for the disbursements directly from defendant [Fat Brands] to his accounts as: (i) an increase in an intercompany loan between defendant [Fat Brands] and FOG; and (ii) an increase in FOG's shareholder loan "balance" or "receivable" to defendant [Wiederhorn]."

(Emphasis added). *Id*. ¶ 42.

The Indictment further stated the following:

On or around December 1, 2021, defendants [Wiederhorn] and [Fat Brands] learned that defendant Wiederhorn was the target of a federal criminal investigation into defendant [Wiederhorn's] and defendant [Fat Brands'] financial dealings. On or around February 22, 2022, defendant [Fat Brands] publicly claimed that it was "cooperating with the government regarding these matters." ***After members of defendant [Fat Brand's] Board communicated with the government regarding that federal criminal investigation, however, defendant [Wiederhorn] removed every director other than himself on or around March 28, 2023, and reconstituted defendant [Fat Brand's] Board with a majority of non-independent directors under his control***.

4

(Emphasis added). *Id*. ¶ 43.

On the same day, the SEC filed a civil lawsuit against the Company, Defendant Wiederhorn, Ron Roe, and Rebecca Hershinger in the United States District Court for the Central District of California (the "SEC Complaint"). *Id*. ¶ 44.

The SEC Complaint stated the following:

***Between October 2017 and March 2021*** (the "Relevant Period"), [Wiederhorn] [. . .] used almost $27 million of FAT's cash on his personal expenses included private jets, first class airfare, luxury vacations, his rent and mortgage payments, shopping, and jewelry. During this time Wiederhorn falsely told the Company's auditors, board of directors, and investors that neither he nor his family members had any direct or indirect material interest in the FAT cash that Wiederhorn used for those personal expenditures.

(Emphasis added). *Id*. ¶ 45.

On this news, the price of Fat Brands Class A common stock fell by $2.08 per share, or 27.73%, to close at $5.42 on May 10, 2024. Fat Brands Class B common stock fell by $2.02 per share, or 28.85%, to close at $4.98 on May 10, 2024. Fat Brands 8.25% Series B Cumulative Preferred Stock fell by $1.08 per share, or 7.24% to close at $13.82 on May 10, 2024. Fat Brands warrants fell by $1.05 per warrant, or 21.6%, to close at $3.80 on May 10, 2024. *Id*. ¶ 46.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's common shares, Plaintiff and other Class members have suffered significant losses and damages. *Id*. ¶ 47.

## ARGUMENT

## II.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) (emphasis added); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

As set forth below, Movant satisfies the above criteria, has the largest financial interest of any movant in this litigation, and is therefore the most adequate plaintiff and should be appointed as Lead Plaintiff.

**A.      Movant is Willing to Serve as Class Representative**

Movant has made a timely motion in response to a PSLRA early notice. *See* Rosen Decl., Ex. 1. Additionally, as set forth in his PSLRA certification, Movant attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as representative of the class. *See* Rosen Decl., Ex. 2. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the class.

**B.      Movant has the Largest Financial Interest in the Action**

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff … is the person or group … that … has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 730. While the PSLRA does not specify precisely how to calculate the "largest financial interest", a movant's approximate losses in the subject securities is the best measure. *Richardson v. TVIA*, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) (citing cases).

Movant lost approximately $2,773.41 in connection with his purchases of Fat Brands preferred stock. *See* Rosen Decl., Ex. 3. Movant is not aware of any other

7

movant that has suffered greater losses in the Company's securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C.    Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Federal Rule of Civil Procedure Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that Movant satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification—a *prima facie* showing that Movant satisfies the requirements of Rule 23 is sufficient. *Cavanaugh*, 306 F.3d at 730-31. At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson*, 2007 WL 1129344, at * 4 (citing *Cavanaugh*, 306 F.3d at 730).

Movant fulfills all the pertinent requirements of Rule 23. Movant shares substantially similar questions of law and fact with the members of the class, and his claims are typical of the members of the class. Movant and all members of the class allege that Defendants violated the Exchange Act by publicly disseminating false and misleading statements about the Company and its business. Movant, as did all of the members of the class, purchased Fat Brands securities at prices artificially inflated due to Defendants' misrepresentations and omissions, and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative party be typical of the claims of the class.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF MITCHELL KATES
FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL
2:24-cv-04775-MWF-MAA

Thus, the close alignment of interests between Movant and other class members, as well as Movant's desire to prosecute this action on behalf of the class, provides ample reason to appoint Movant as Lead Plaintiff.

### D.     Movant Will Fairly and Adequately Represent the Interests of the Class and is Not Subject to Unique Defenses

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa)   will not fairly and adequately protect the interests of the class;
>
> or
>
> (bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Movant's ability and desire to fairly and adequately represent the class has been discussed above. Movant is not aware of any unique defenses that Defendants could raise against him that would render Movant inadequate to represent the Class.

Accordingly, the Court should appoint Movant as Lead Plaintiff for the Class.

Further, Movant lives in Pennsylvania and has been investing for over 20 years. He works in sales for a business-to-business company.

10

## III.   MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with the Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen Law as Lead Counsel. The firm has been actively researching the Class's and Movant's claims, including filing this action, reviewing publicly available financial and other documents and gathering information in support of the claims against Defendants. Furthermore, the firm has an extensive history bringing significant recoveries to investors and is experienced in securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in other courts throughout the nation. *See* Rosen Decl., Ex. 4.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge that will enable the firm to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

11

## IV.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) appointing Movant as Lead Plaintiff of the class; (2) approving Rosen Law as Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated:   August 6, 2024                    Respectfully submitted,

                                           **THE ROSEN LAW FIRM, P.A.**
                                           /s/ Laurence M. Rosen
                                           Laurence M. Rosen, Esq. (SBN 219683)
                                           355 South Grand Avenue, Suite 2450
                                           Los Angeles, CA 90071
                                           Telephone: (213) 785-2610
                                           Facsimile: (213) 226-4684
                                           Email: lrosen@rosenlegal.com

                                           *Counsel for Movant and [Proposed] Lead
                                           Counsel for the Class*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF MITCHELL KATES
FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL
2:24-cv-04775-MWF-MAA

## CERTIFICATE OF PAGE LIMIT AND WORD COUNT

The undersigned, counsel of record for Mitchell Kates, certifies that this brief is less than 25 pages and contains 2,341 words, which complies with the page limit of Your Honor's Standing Order and the word limit of L.R. 11-6.1.

Executed on August 6, 2024.

/s/ Laurence M. Rosen

13

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF MITCHELL KATES
FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL
2:24-cv-04775-MWF-MAA

**CERTIFICATE OF SERVICE**

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the Managing Partner of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071.  I am over the age of eighteen.

On August 6, 2024, I electronically filed the following **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF MITCHELL KATES FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on August 6, 2024.

/s/ Laurence M. Rosen
Laurence M. Rosen

14