UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 24-04775-MWF (MAAx)**          **Date:  February 21, 2025**
Title:     Mitchell Kates v. FAT Brands Inc. et al.

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

|  |  |
|---|---|
| Deputy Clerk: | Court Reporter: |
| Rita Sanchez | Not Reported |
| | |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings (In Chambers):**          ORDER RE: MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL [9]

Before the Court is Mitchell Kates' (the "Movant") Motion for Appointment as Lead Plaintiff and Approval of Choice of Counsel (the "Motion"), filed August 6, 2024.  (Docket No. 9).  The Movant filed a Notice of Non-Opposition on August 22, 2024.  (Docket No. 14).  On August 29, 2024, the Court denied the Motion without prejudice.  (Docket No. 19).  On September 5, 2024, the Court issued a briefing schedule for the Motion.  (Docket No. 22).  On September 13, 2024, Defendants FAT Brands, Inc., Kenneth J. Kuick, and Robert G. Rosen filed a Notice of Non-Opposition. (Docket No. 23).

The Motion was initially noticed to be heard on September 9, 2024.  Pursuant to the briefing schedule, the Court deemed the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.  The hearing was therefore **VACATED** and removed from the Court's calendar.  The Court read and considered the papers on the Motion.

The Motion is **GRANTED**.  The Movant has the largest financial interest among the putative class members and appears, at this time, to meet the requirements of Rule 23.  Moreover, The Rosen Law Firm, P.A. has substantial expertise in securities litigation.

---

**CIVIL MINUTES—GENERAL**                                                          1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 24-04775-MWF (MAAx)**          **Date:  February 21, 2025**
Title:      Mitchell Kates v. FAT Brands Inc. et al.

## I.      BACKGROUND

Before the Court is a putative securities class action brought on behalf of all persons and entities that acquired securities in FAT Brands between March 24, 2022, and May 10, 2024 (the "Class Period").  (Complaint (Docket No. 1) ¶ 1).  The Complaint alleges violations of Sections 10(b) and 20(a) of the Exchange Act, as well as Rule 10b-5 promulgated thereunder.  (*Id.* ¶ 2).

## II.      DISCUSSION

### A.      Appointment as Lead Plaintiff

The Private Securities Litigation Reform Act (the "PSLRA") sets forth the requirements of securities class actions brought pursuant to Federal Rules of Civil Procedure.  15 U.S.C. § 77z-1, *et seq*.  In particular, 15 U.S.C. § 78u-4(a)(3) outlines the statutory requirements for a district court's appointment of lead plaintiff.  "The Act instructs district courts to select as lead plaintiff the one 'most capable of adequately representing the interests of class members.'"  *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002).

"The 'most capable' plaintiff — and hence the lead plaintiff — is the one who has the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23."  *Id*.  The Court should follow a "three-step process for identifying the lead plaintiff pursuant to these criteria."  *Id*.

The PSLRA first sets forth a notice requirement that the first plaintiff to file the lawsuit must provide notice of the lawsuit, including notice that "any member of the purported class may move the court to serve as lead plaintiff of the purported class."  15 U.S.C. § 78u-4(a)(3)(A)(i)(II).

The second step requires the Court to consider any motion made by a class member in response to the notice requirement when appointing "as lead plaintiff the member or members of the purported plaintiff class that the court determines to be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 24-04775-MWF (MAAx)**          **Date:  February 21, 2025**
**Title:**       Mitchell Kates v. FAT Brands Inc. et al.

most capable of adequately representing the interests of class members."  15 U.S.C. § 78u-4(a)(3)(B)(i).  When making this determination, the Court must "adopt the presumption that the most adequate plaintiff . . . has the largest financial interest in the relief sought by the class . . . and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  The Court also looks to ensure that the plaintiff with the greatest financial interest in the relief sought meets the "typicality" and "adequacy" requirements of Rule 23(a).  *Cavanaugh*, 306 F.3d at 730.

Under *Cavanaugh*, the third step requires the Court "to give other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfied Rule 23's typicality and adequacy requirements."  *Id*.  A court's determination of a presumptive lead plaintiff may only be disputed by other plaintiffs through the presentation of evidence challenging the presumptive lead plaintiff's showing of typicality and adequacy.

All of the PSLRA's requirements are satisfied here.

### 1.    Published Notice

On June 7, 2024, counsel for Mitchell Kates published a notice in *Business Wire* announcing that a securities class action had been filed against Defendants and advising purchasers of FAT Brands securities that they had 60 days from publication of the notice to file a motion to be appointed as lead plaintiff.  (Declaration of Laurence M. Rosen ("Rosen Decl."), Ex. 1 (Docket No. 11-1)); *see also* 15 U.S.C.A. § 78u-4(a)(3)(A)(i) (requiring that notice "be published, in a widely circulated national business-oriented publication or wire service").

### 2.    Most Adequate Plaintiff

Movant appears to be the most adequate plaintiff under the PSLRA and Rule 23 of the Federal Rules of Civil Procedure.  *See Cavanaugh*, 306 F.3d at 729-30.  Movant believes that he has the largest financial interest among class members, as Movant is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 24-04775-MWF (MAAx)          Date:  February 21, 2025
Title:      Mitchell Kates v. FAT Brands Inc. et al.

not aware of any other class members that have suffered greater losses.  Movant lost $2,773.41 on purchases of FAT Brands securities during the Class Period.  (Rosen Decl., Ex. 3).

"So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, [s]he is entitled to lead plaintiff status . . . ."  *Cavanaugh*, 306 F.3d at 732.  The movant with the largest financial interest only needs to make a prima facie showing that it satisfies Rule 23 to be the presumptive lead plaintiff.  *Id*. at 739.  Rule 23(a) requires that the movant's claims be "typical of the claims or defenses of the class" and that the movant "will fairly and adequately protect the interests of the class."  *See* Fed. R. Civ. P. 23.

To make a prima facie showing of typicality, a moving plaintiff should establish that its claims are similar to all class members.  *See Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 667 (C.D. Cal. 2005) (explaining that only a preliminary showing is needed for appointment of a lead plaintiff because a wide ranging analysis will take place during the class certification process).  A prima facie showing of typicality does not require that the claims of the movant be nearly identical to those of the class.  *Id*.

Here, Movant's claims are typical of the claims asserted by the proposed class.  Like all members of the class, Movant purchased FAT Brands securities during the Class Period and alleges losses as a result of those transactions.  (Rosen Decl., Exs. 2-3).  Movant alleges the same violations of the federal securities laws as the members of the class, pleading that Defendants disseminated materially misleading statements about FAT Brands and its business.  (Motion at 9).  And Movant alleges that his losses, like the losses suffered by all members of the proposed class, arise from the artificial inflation of FAT Brands securities caused by Defendants' misrepresentations and omissions.  (*Id.*).  Accordingly, the Court finds that Movant's claims are typical of the class.

Rule 23(a) also requires that the movant be able to "fairly and adequately protect the interests" of all class members.  Fed. R. Civ. P. 23(a)(4).  A court should inquire about the movant's interests in the outcome of the case and their willingness to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** **CV 24-04775-MWF (MAAx)**        **Date:** **February 21, 2025**
**Title:**    Mitchell Kates v. FAT Brands Inc. et al.

vigorously represent the class's claims to determine if is a preliminary showing of adequacy. *See Tanne*, 226 F.R.D. at 667. Additionally, a court should ensure that the movant's interests do not conflict with those of the class and that the movant's counsel is capable and qualified. *Id*.

Movant is an adequate representative. Most important, Movant has the largest financial stake in the litigation, which indicates he will vigorously represent the proposed class. As discussed above, Movant's interests are also in line with those of other class members because all class members allegedly purchased FAT Brands stock due to Defendants' alleged misrepresentations and omissions. Movant is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the class. (Motion at 10). Likewise, no evidence suggests that Movant's chosen counsel is incapable or unqualified. By meeting the requirements of steps one and two under *Cavanaugh*, Mr. Kates is the presumptive lead plaintiff in this action. *See Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1071 (C.D. Cal. 1999) ("[N]o evidence exists to suggest that [plaintiffs are] antagonistic to other members of the class or their attorneys, thereby meeting the adequacy of representation requirement.").

### 3.    Opportunity for Rebuttal

Finally, the third requirement under the PSLRA is clearly met. This requirement requires the court "to give other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfied Rule 23's typicality and adequacy requirements." *Cavanaugh*, 306 F.3d at 730. Here, no other plaintiffs have rebutted Movant's status as lead plaintiff. Therefore, Movant's showing of typicality and adequacy has not been challenged.

Accordingly, the Court appoints Movant as Lead Plaintiff in this action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 24-04775-MWF (MAAx)           Date:  February 21, 2025
Title:      Mitchell Kates v. FAT Brands Inc. et al.

### B.      Selection of Lead Counsel

Pursuant to the PSLRA, "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."  15 U.S.C. § 78u-4(a)(3)(v).  "[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice."  *Cohen v. U.S. Dist. Court for N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009) (noting that the district court does not have the authority to choose lead counsel).  Ultimately, a district court may only approve or disapprove a lead plaintiff's choice of counsel, and disapproval is only warranted when a there is evidence that suggests there was a lack of a good faith selection and negotiation process between lead plaintiff and lead counsel.  *See id*.  A court should not disturb a lead plaintiff's choice of counsel unless it is necessary to protect the class, because the PSLRA has a strong presumption that a properly selected lead plaintiff is most capable of selecting lead counsel.  *Cavanaugh*, 306 F.3d at 734 n.14.

Here, Movant has selected The Rosen Law Firm, P.A. as lead counsel.  The firm has substantial experience litigating securities class actions.  (Rosen Decl., Ex. 4).  No evidence undermining the firm's ability to effectively represent the putative class has been presented.

Accordingly, the Court approves Movant's selection of counsel.

IT IS SO ORDERED.