SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
JOHN P. STIGI III, Cal. Bar No. 208342
12275 El Camino Real, Suite 100
San Diego, California 92130-4092
Telephone:    858.720.8900
Facsimile:    858.509.3691
E mail:        jstigi@sheppardmullin.com

POLLY TOWILL, Cal. Bar No. 120420
MADALYN A. MACARR, Cal. Bar No. 301539
TORI D. KUTZNER, Cal. Bar No. 334057
350 South Grand Avenue, 40th Floor
Los Angeles, California 90071-3460
Telephone:    213.620.1780
Facsimile:    213.620.1398
E mail:        ptowill@sheppardmullin.com
               mmacarr@sheppardmullin.com
               tkutzner@sheppardmullin.com

Attorneys for Defendants FAT BRANDS, INC.,
ANDREW A. WIEDERHORN, KENNETH J.
KUICK and ROBERT G. ROSEN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITCHELL KATES, Individually and On Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>        v.<br><br>FAT BRANDS, INC., ANDREW A. WIEDERHORN, KENNETH J. KUICK, and ROBERT G. ROSEN,<br><br>        Defendants. | Case No. 2:24-cv-04775-MWF-MAA<br><br>The Hon. Michael W. Fitzgerald<br><br>CLASS ACTION<br><br>**NOTICE OF BANKRUPTCY** |

## NOTICE OF BANKRUPTCY

Notice is hereby given that on January 26, 2026, defendant Fat Brands Inc. ("FAT Brands") filed a voluntary Petition of Bankruptcy under Chapter 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of Texas, Case No. 26-90126.  True and correct copies of the relevant filings in the Bankruptcy Court are attached hereto as **Exhibit A**.

PLEASE BE ADVISED that, pursuant to Section 362(a) of the Bankruptcy Code, the filing of a bankruptcy petition "operates as a stay, applicable to all entities," of "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under [the Bankruptcy Code], or to recover a claim against the debtor that arose before the commencement of the [bankruptcy] case" and of "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."  11 U.S.C. §§ 362(a)(1), 362(a)(3).

Dated:  January 28, 2026         SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


By: _____*/s/ John P. Stigi III*_____

JOHN P. STIGI III
POLLY TOWILL
Attorneys for Defendants

-2-

# EXHIBIT A

| Debtor | FAT Brands Inc. | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**Southern District of Texas**

(State)

Case number (if known): _____ Chapter __11__

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/25

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's Name** | FAT Brands Inc. |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years** Include any assumed names, trade names, and *doing business as* names | |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 82-1302696 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **9720 Wilshire Blvd., Suite 500** | |
| Number        Street | Number        Street |
| **Beverly Hills        California      90212** | |
| City        State        Zip Code | City        State        Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| **Los Angeles** | |
| County | Number        Street |
| | City        State        Zip Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **https://www.fatbrands.com/** |

6. **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

| Debtor | FAT Brands Inc. | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**7225 (Restaurants and Other Eating Places)**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check **all** that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the **Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11** (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

☒ No
☐ Yes

If more than 2 cases, attach a separate list.

| District | | When | | Case number | |
|---|---|---|---|---|---|
| | | | MM/DD/YYYY | | |
| District | | When | | Case number | |
| | | | MM/DD/YYYY | | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
☒ Yes

List all cases. If more than 1, attach a separate list.

Debtor **See Attached Rider 1** Relationship _____

District _____

When: **1/26/2026**
MM / DD / YYYY

Case number, if known _____

---

**Official Form 201**      **Voluntary Petition for Non-Individuals Filing for Bankruptcy**      **page 2**

| Debtor | FAT Brands Inc. | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

_____
Number          Street

_____

_____
City          State          Zip Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

■ **Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors***

***Consolidated for all Debtors.**

| | | |
|---|---|---|
| ☐ 1-49 | ☒ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets***

***Consolidated for all Debtors.**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

**16. Estimated liabilities***

***Consolidated for all Debtors.**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

Official Form 201 **Voluntary Petition for Non-Individuals Filing for Bankruptcy** page 3

| Debtor | FAT Brands Inc. | | Case number *(if known)* | |
|---|---|---|---|---|
| | Name | | | |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

- I have been authorized to file this petition on behalf of the debtor.

- I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on      **1/26/2026**
                      MM/ DD / YYYY

✘   **/s/ John C. DiDonato**                **John C. DiDonato**
      Signature of authorized representative of debtor          Printed name

Title    **Chief Restructuring Officer**

**18. Signature of attorney**

✘   **/s/ Timothy A. ("Tad") Davidson II**        Date    **1/26/2026**
      Signature of attorney for debtor                      MM/DD/YYYY

**Timothy A. ("Tad") Davidson II**

**Hunton Andrews Kurth LLP**
Firm name

**600 Travis Street, Suite 4200**
Number                    Street

| **Houston** | **TX** | **77002** |
|---|---|---|
| City | State | ZIP Code |

| **713-220-4200** | **taddavidson@Hunton.com** |
|---|---|
| Contact phone | Email address |

| **24012503** | **TX** |
|---|---|
| Bar number | State |

---

Official Form 201A (12/15)

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| FAT Brands, Inc., | ) | Case No. 26-____(___) |
|  | ) |  |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

**Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11**

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is 001-38250.

2. The following financial data is the latest available information and refers to the debtor's condition on December 28,2025.

　　a. Total assets　　　　　　　　　　　　　　　　　$ 582,216,047

　　b. Total debts (including debts listed in 2.c., below)　　$ 95,727,763

　　c. Debt securities held by more than 500 holders

Approximate<br>number of<br>holders:

| | | | |
|---|---|---|---|
| secured☐ unsecured☐ | subordinated ☐ | $ N/A | N/A |
| secured☐ unsecured☐ | subordinated ☐ | $ ____ | ____ |
| secured☐ unsecured☐ | subordinated ☐ | $ ____ | ____ |
| secured☐ unsecured☐ | subordinated ☐ | $ ____ | ____ |
| secured☐ unsecured☐ | subordinated ☐ | $ ____ | ____ |

　　d. Number of shares of preferred stock　　8,608,389
　　e. Number of shares common stock　　17,939,325 (Class A: 16,668,520; Class B: 1,270,805)

　　Comments, if any:　Answers to 2c, 2d, and 2e are based on data as of January 21, 2026.

3.　Brief description of debtor's business:　Leading multi-brand restaurant company.

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor: Fog Cutter Holdings LLC.

-7-

## RIDER 1

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case, collectively, the "**Debtors**") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas. Contemporaneously with the filing of their voluntary petitions, the Debtors are filing a motion with the Court requesting that their chapter 11 cases be consolidated for procedural purposes only and jointly administered.

| Entity Name | Federal Employee Identification Number (EIN) |
|---|---|
| AFB Dissolution LLC | N/A |
| Barbeque Integrated, Inc. | 26-1305332 |
| BC Canyon LLC | 46-5547406 |
| Bonanza Restaurant Company LLC | 75-2558180 |
| Buffalo's Franchise Concepts Inc. | 58-1867374 |
| EB Franchises, LLC | 84-2125672 |
| FAT Brands Fazoli's Native I, LLC | 87-3518108 |
| FAT Brands GFG Royalty I, LLC | 87-1146895 |
| FAT Brands Inc. | 82-1302696 |
| FAT Brands Management, LLC | 83-2443246 |
| FAT Brands Royalty I, LLC | 84-3890924 |
| FAT GFG Notes I, LLC | 33-1715597 |
| FAT Royalty Notes I LLC | 33-4202844 |
| FAT Virtual Restaurants LLC | 85-3553952 |
| Fatburger North America, Inc. | 95-4263539 |
| Fazoli's Franchising Systems Canada, LLC | 93-3650313 |
| Fazoli's Franchising Systems, LLC | 20-5654155 |
| Fazoli's Group, Inc. | 20-5593089 |
| Fazoli's Holdings, LLC | 47-4404589 |
| Fazoli's Joint Venture, Ltd. | 61-1236125 |
| Fazoli's Promotions, Inc. | 85-3210503 |
| Fazoli's Restaurant Group, Inc. | 20-5593113 |
| Fazoli's Systems Management, LLC | 20-5654043 |
| FB Resid Holdings I, LLC | 93-2071074 |
| FB SAMO Sepulveda, LLC | 39-2497830 |
| Fog Cap Acceptance Inc | 20-1067376 |
| Fog Cap Development LLC | 54-2117394 |
| Fog Cutter Acquisition LLC | 52-2081138 |

| Entity Name | Federal Employee Identification Number (EIN) |
|---|---|
| GAC Brand and Marketing Fund, LLC | 26-1716292 |
| GAC Corporate Holdings, LLC | 32-0384384 |
| GAC Franchise Brands, LLC | 26-1716514 |
| GAC Franchising, LLC | 26-1716152 |
| GAC Manufacturing, LLC | 26-1716387 |
| GAC Supply, LLC | 26-1716337 |
| GFG Holding, Inc. | 27-3005957 |
| GFG Intermediate Holding, Inc. | 47-2523148 |
| GFG Management LLC | 27-2961755 |
| Global Franchise Group, LLC | 27-2563553 |
| GMR of Pennsylvania-SB Properties, LLC | N/A |
| HDOS Acquisition, LLC | 47-1539114 |
| HDOS Brand and Marketing Fund, LLC | 47-1596556 |
| HDOS Franchise Brands, LLC | 38-3936757 |
| HDOS Franchising, LLC | 61-1743125 |
| HDOS Showcase, LLC | N/A |
| Homestyle Dining LLC | 31-1365822 |
| Hurricane AMT, LLC | 26-3886825 |
| Integrated Card Solutions, LLC | 46-4096595 |
| Johnny Rockets Holding Company | 90-0989614 |
| Johnny Rockets Licensing Canada, LLC | 30-0878905 |
| Johnny Rockets Licensing, LLC | 95-4083968 |
| LS GFG Holdings Inc. | 83-2298236 |
| MaggieMoo's Brand and Marketing Fund, LLC | 13-4358196 |
| MaggieMoo's Franchise Brands, LLC | 52-2004951 |
| MaggieMoo's Franchising, LLC | 32-0198662 |
| Marble Slab Brand and Marketing Fund LLC | 13-4358198 |
| Marble Slab Franchise Brands, LLC | 59-3838568 |
| Marble Slab Franchising, LLC | 35-2294024 |
| Mini Bake By Great American Cookies, LLC | 32-0834280 |
| Mini-Bake by GAC LLC | N/A |
| MSC Corporate Holdings, LLC | 46-0835018 |
| Native Grill and Wings Franchising, LLC | 47-5006664 |
| PM Brand and Marketing Fund, LLC | 77-0694365 |
| PM Corporate Holdings, LLC | 46-0766705 |
| PM Franchise Brands, LLC | 77-0694362 |
| PM Franchising, LLC | 77-0694361 |
| Ponderosa Franchising Company LLC | 75-2558184 |
| Ponderosa International Development, Inc. | 31-1043916 |

| Entity Name | Federal Employee Identification Number (EIN) |
|---|---|
| PT Brand and Marketing Fund, LLC | 77-0694368 |
| PT Franchise Brands, LLC | 77-0694367 |
| PT Franchising, LLC | 77-0694366 |
| Puerto Rico Ponderosa Inc. | 31-1158438 |
| Round Table Advertising Fund (C Corp) | 94-2682432 |
| Round Table Advertising LLC | N/A |
| Round Table Development Company | 94-3119503 |
| Round Table Franchise Corporation | 94-2545455 |
| Round Table Pizza Nevada, LLC | 88-0348180 |
| Round Table Pizza, Inc. | 94-2601302 |
| Seeds of Compassion Fund, Inc. | 61-1328865 |
| Smokey Bones (Florida), LLC | 26-0385178 |
| The Johnny Rockets Group, Inc. | 95-4549800 |
| TP Franchise Austin, LLC | 26-0494754 |
| TP Franchise Round Rock, LLC | 26-1612105 |
| TP Franchise Venture I, LLC | 26-0494734 |
| TP GA, LLC | 87-3186810 |
| TP Texas Beverage Services, LLC | 26-1377725 |
| TP Texas Beverages, LLC | 20-1377760 |
| TP Texas Restaurant Services, LLC | 26-1377685 |
| TPJV2, LLC | 87-1324020 |
| Twin Hospitality Group Inc. | 99-1232362 |
| Twin Hospitality I, LLC | 87-2524911 |
| Twin Peaks Buyer, LLC | 83-3965454 |
| Twin Restaurant Amarillo Beverage Holding, LLC | 86-3843457 |
| Twin Restaurant Amarillo Management, LLC | 86-3864539 |
| Twin Restaurant Amarillo, LLC | 86-3805784 |
| Twin Restaurant Beverage – Texas, LLC | 26-0623414 |
| Twin Restaurant Beverage Holding, LLC | N/A |
| Twin Restaurant Brandon, LLC | 99-2428437 |
| Twin Restaurant Broomfield, LLC | 35-2425828 |
| Twin Restaurant Burleson Beverage Holding, LLC | 86-2190719 |
| Twin Restaurant Burleson Management, LLC | 86-2024943 |
| Twin Restaurant Burleson, LLC | 86-1971024 |
| Twin Restaurant Centennial, LLC | 80-0842894 |
| Twin Restaurant Chesapeake, LLC | 33-1977500 |
| Twin Restaurant Citrus Park, LLC | 33-1869273 |
| Twin Restaurant Denver, LLC | 45-3279131 |
| Twin Restaurant Denver, LLC | 45-3279227 |

| Entity Name | Federal Employee Identification Number (EIN) |
|---|---|
| Twin Restaurant Development, LLC | 27-5499338 |
| Twin Restaurant El Paso Beverage Holding, LLC | 46-2903845 |
| Twin Restaurant El Paso, LLC | 80-0929262 |
| Twin Restaurant FL Payroll, LLC | 93-1853107 |
| Twin Restaurant Franchise, LLC | 68-0650719 |
| Twin Restaurant Frisco, LLC | 26-4673284 |
| Twin Restaurant Grand Prairie Beverage Holding, LLC | 86-3298169 |
| Twin Restaurant Grand Prairie Management, LLC | 86-3397821 |
| Twin Restaurant Grand Prairie, LLC | 84-4246445 |
| Twin Restaurant Holding, LLC | 46-1747711 |
| Twin Restaurant International Franchise, LLC | 46-4034259 |
| Twin Restaurant Investment Company II, LLC | 80-0891077 |
| Twin Restaurant Investment Company, LLC | 27-5502276 |
| Twin Restaurant IP, LLC | 52-2328968 |
| Twin Restaurant JV Holding, LLC | 87-2027049 |
| Twin Restaurant JV Management, LLC | 99-1337155 |
| Twin Restaurant Kissimmee, LLC | 33-1884042 |
| Twin Restaurant Lakeland, LLC | 99-2272109 |
| Twin Restaurant Lewisville, LLC | 06-1740007 |
| Twin Restaurant Little Rock, LLC | 46-1808836 |
| Twin Restaurant Live Oak Beverage Holding, LLC | 84-5065336 |
| Twin Restaurant Live Oak Management, LLC | 84-4762436 |
| Twin Restaurant Live Oak RE, LLC | 87-4287278 |
| Twin Restaurant Live Oak, LLC | 84-4009721 |
| Twin Restaurant LV-2 LLC | 46-2604138 |
| Twin Restaurant McKinney Beverage Holding, LLC | 99-2964066 |
| Twin Restaurant McKinney RE, LLC | 93-4639611 |
| Twin Restaurant McKinney, LLC | 93-4728459 |
| Twin Restaurant Midland Beverage Holding, LLC | 38-3984544 |
| Twin Restaurant Midland, LLC | 37-1796749 |
| Twin Restaurant N Irving Beverage Holding, LLC | 90-0928749 |
| Twin Restaurant N Irving, LLC | 90-0929904 |
| Twin Restaurant New Mexico, LLC | 83-4339335 |
| Twin Restaurant Newport News, LLC | 33-1950100 |
| Twin Restaurant Northlake Beverage Holding, LLC | 88-3414688 |
| Twin Restaurant Northlake RE, LLC | 88-2810824 |
| Twin Restaurant Northlake, LLC | 87-3559775 |
| Twin Restaurant Oakbrook, LLC | 47-1587340 |
| Twin Restaurant Odessa Beverage Holding, LLC | 45-2961435 |

| Entity Name | Federal Employee Identification Number (EIN) |
|---|---|
| Twin Restaurant Odessa, LLC | 45-2961320 |
| Twin Restaurant Park North Beverage Holding, LLC | 36-4788503 |
| Twin Restaurant Park North Management, LLC | N/A |
| Twin Restaurant Park North, LLC | 46-5341532 |
| Twin Restaurant Plano Beverage Holding, LLC | 92-3891557 |
| Twin Restaurant Plano RE, LLC | 88-3435938 |
| Twin Restaurant Plano, LLC | 87-3533642 |
| Twin Restaurant RE, LLC | 84-3252738 |
| Twin Restaurant S Fort Worth Beverage Holding, LLC | 47-1924918 |
| Twin Restaurant S Fort Worth, LLC | 47-0981869 |
| Twin Restaurant San Angelo Beverage Holding, LLC | 84-4798661 |
| Twin Restaurant San Angelo Management, LLC | 84-4825123 |
| Twin Restaurant San Angelo, LLC | 84-4656317 |
| Twin Restaurant San Antonio Beverage Holding, LLC | 45-2665688 |
| Twin Restaurant San Antonio, LLC | 45-2731846 |
| Twin Restaurant San Marcos Beverage Holding, LLC | 84-2078198 |
| Twin Restaurant San Marcos Management, LLC | 84-2065957 |
| Twin Restaurant San Marcos, LLC | 30-1173442 |
| Twin Restaurant Sarasota RE, LLC | 88-3459284 |
| Twin Restaurant Sarasota, LLC | 88-3526444 |
| Twin Restaurant Sunland Park Beverage Holding, LLC | 47-1920053 |
| Twin Restaurant Sunland Park, LLC | 47-1865482 |
| Twin Restaurant Terrell Beverage Holding, LLC | 93-4349667 |
| Twin Restaurant Terrell RE, LLC | 93-1654498 |
| Twin Restaurant Terrell, LLC | 93-4337809 |
| Twin Restaurant Tyngsboro, LLC | 39-4908572 |
| Twin Restaurant Virginia Beach, LLC | 33-2039541 |
| Twin Restaurant Viva Las Vegas, LLC | 90-0854793 |
| Twin Restaurant Warrenville, LLC | 46-5568410 |
| Twin Restaurant Western Center Beverage Holding, LLC | 46-1912898 |
| Twin Restaurant Western Center, LLC | 30-0762394 |
| Twin Restaurant Westover Beverage Holding, LLC | 37-1748394 |
| Twin Restaurant Westover, LLC | 46-4057232 |
| Twin Restaurant, LLC | 16-1765332 |
| WBS FB 2023 Holdings LLC | 93-2087683 |
| Yalla Acquisition LLC | 83-2549574 |
| Yalla Mediterranean Franchising Company, LLC | 83-2541771 |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FAT Brands Inc., | ) | Case No. 26-_____(___) |
| | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

**<u>CORPORATE OWNERSHIP STATEMENT</u>**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure,

the following are corporations, other than a government unit, that directly or indirectly own 10%

or more of any class of the debtor's equity interest:

| Equity Interest Holder | Approximate Percentage of Equity Interests Held |
|---|---|
| Fog Cutter Holdings LLC | 42% (Class A) |
| Fog Cutter Holdings LLC | 56% (Class B) |
| Lion GFG Aggregator LP | 18% (Preferred Stock) |
| Twin Peaks Holdings, LLC | 12% (Preferred Stock) |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| FAT Brands Inc., | ) | Case No. 26-_____(___) |
| | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

### LIST OF EQUITY SECURITY HOLDERS[1]

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the above-captioned debtor and debtor in possession (the "***Debtor***") respectfully represents that the following is the list of holders of the Debtor's sole class of equity or membership interests:

☐ There are no equity security holders or corporations that directly or indirectly own 10% or more of any class of the Debtor's equity interest.

☒ The following are the Debtor's equity security holders (list holders of each class, showing the number and kind of interests registered in the name of each holder, and the last known address or place of business of each holder):

| Name and Last Known Address of Place of Business of Holder | Kind/Class of Interest | Percentage of Interests Held |
|---|---|---|
| N/A | N/A | N/A |

---

[1] By the *Emergency Motion of Debtors for Entry of An Order (I) Authorizing the Debtors to File a Consolidated Creditor Matrix and List of the 30 Largest Unsecured Creditors; (II) Waiving the Requirement to File a List of Equity Security Holders; (III) Authorizing the Debtors to Redact Certain Personally Identifiable Information; (IV) Approving the Form and Manner of Notice of Commencement; and (V) Granting Related Relief* filed contemporaneously herewith, the Debtor is requesting a waiver of the requirement under Bankruptcy Rule 1007 to file a list of equity security holders.

| Fill in this information to identify the case and this filing: |
|---|
| Debtor Name  FAT Brands Inc. |
| United States Bankruptcy Court for the:  **Southern District of Texas** |
| (State) |
| Case number (If known): |
| |

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ Schedule A/B: Assets-Real and Personal Property *(Official Form 206A/B)*

☐ Schedule D: Creditors Who Have Claims Secured by Property *(Official Form 206D)*

☐ Schedule E/F: Creditors Who Have Unsecured Claims *(Official Form 206E/F)*

☐ Schedule G: Executory Contracts and Unexpired Leases *(Official Form 206G)*

☐ Schedule H: Codebtors *(Official Form 206H)*

☐ Summary of Assets and Liabilities for Non-Individuals *(Official Form 206Sum)*

☐ Amended Schedule _____

☒ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

☒ Other document that requires a declaration **Corporate Ownership Statement, List of Equity Security Holders, and Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy Under Chapter 11 (Official Form 201A)**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

|  | ☒ */s/ John C. DiDonato* |
|---|---|
| **1/26/2026** | |
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | **John C. DiDonato** |
| | Printed name |
| | **Chief Restructuring Officer** |
| | Position or relationship to debtor |

Official Form 202          Declaration Under Penalty of Perjury for Non-Individual Debtors

**UNANIMOUS WRITTEN CONSENT
OF THE AUTHORIZING BODIES OF
FAT BRANDS INC., TWIN HOSPITALITY GROUP INC.,
AND THEIR RESPECTIVE SUBSIDIARIES
January 26, 2026**

The undersigned, being:

    i.  all of the members of the board of directors (the "FAT Brands Board") of FAT Brands Inc., a Delaware corporation ("FAT Brands"),

   ii.  all of the members of the board of directors (the "Twin Hospitality Board" and, together with the FAT Brands Board, the "Parent Boards" and each a "Parent Board") of Twin Hospitality Group Inc., a Delaware corporation ("Twin Hospitality"),

  iii.  each of the sole members or stockholders of the entities listed on Schedules 1-16,

  iv.  each of the sole managers of the entities listed on Schedules 2, 3, 4, 5, 8, 9, 10, 11, 14, 15, and 16,

   v.  the independent manager of the entities listed on Schedule 2 and Twin Hospitality I, LLC and, pursuant to the operating agreements of the above referenced entities, such independent manager is required to approve of certain actions of the entities listed on Schedules 2, 3, 4, 5, 8, 9, 10, 11, 14, 15, and 16, and

  vi.  all of the members of each of the board of directors of Fog Cap Acceptance Inc., Fazoli's Group, Inc., Fazoli's Restaurant Group, Inc., Fazoli's Promotions Inc., Seeds of Compassion Fund, Inc., Round Table Pizza, Inc., Round Table Advertising Fund (C Corp), Barbeque Integrated, Inc., and the entities listed on Schedules 12-14 (collectively (i) through (vi), the "Authorizing Bodies"),

and in each such case acting in accordance with the applicable governing documents (including certificates of incorporation and bylaws) (collectively, the "Governance Documents") of FAT Brands, Twin Hospitality, Fog Cap Acceptance Inc., Fazoli's Group, Inc., Fazoli's Restaurant Group, Inc., Fazoli's Promotions Inc., Seeds of Compassion Fund, Inc., Round Table Pizza, Inc., Round Table Advertising Fund (C Corp), Barbeque Integrated, Inc., and the entities listed on Schedules 1-16 (each, a "Company" and, collectively, the "Companies") and applicable law, do hereby, on behalf of each applicable Company and in the capacities described above, consent to, adopt and approve, ratify, and confirm by unanimous written consent, the following recitals and resolutions with the same force and effect as if they had been approved and adopted at a duly convened meeting of each such Authorizing Body (collectively, the "Consents"):

**WHEREAS**, the Authorizing Bodies have reviewed and considered presentations by management and the financial and legal advisors of the Companies regarding the liabilities and liquidity situation of the Companies, the strategic alternatives available to them, including in-court and out-of-court restructurings and other transactions, and the effect of the foregoing on the Companies' businesses;

**WHEREAS**, the Authorizing Bodies have had the opportunity to consult with the Companies' management and the Companies' professional and financial and legal advisors and fully consider the strategic alternatives available to the Companies; and

**WHEREAS**, the Authorizing Bodies have in an exercise of their business judgment determined that it is advisable and in the best interests of the Companies and their stakeholders that the Companies seek relief under Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code").

### CHAPTER 11 CASES

**NOW, THEREFORE, BE IT RESOLVED**, that, in the business judgment of each of the Authorizing Bodies, after consultation with the Companies' respective management and the Companies' professionals and legal and financial advisors, it is deemed desirable and in the best interests of the respective Companies, their creditors, and other interested parties, that each of the Companies, as applicable, seek relief under the provisions of the Bankruptcy Code;

**FURTHER RESOLVED**, that each of the Companies are hereby authorized, and each member of the Authorizing Bodies or any other duly appointed officer or manager of each of the Companies (including the CRO and the Deputy CRO (each as defined below)) authorized by the applicable Authorizing Bodies to act on behalf of the applicable Company (each an "Authorized Signatory" and, collectively, the "Authorized Signatories"), in each case, acting singly or jointly, shall be, and hereby is, authorized and directed on behalf of the applicable Company to commence a case under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Case") by executing, verifying and delivering a voluntary petition in the name of such Company under Chapter 11 of the Bankruptcy Code and causing the same to be filed with the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") in such form and at such time as the Authorized Signatory executing said petition shall determine;

**FURTHER RESOLVED**, that each of the Companies is hereby authorized, and each Authorized Signatory shall be, and hereby is, authorized and directed on behalf of the applicable Company, to seek to have the Chapter 11 Case jointly administered by the Bankruptcy Court with the separate cases commenced by its affiliated debtors, under Chapter 11 of the Bankruptcy Code (the respective Chapter 11 Case, together with such other separate cases, the "Chapter 11 Cases");

**FURTHER RESOLVED**, that each of the Companies is hereby authorized, and each Authorized Signatory shall be, and hereby is, authorized and empowered, with full power of delegation, on behalf of and in the name of the applicable Company, to execute, verify and/or file, or cause to be filed and/or executed or verified (or direct others to do so on their behalf as provided herein), and to amend, supplement or otherwise modify from time to time, all necessary or appropriate documents, including, without limitation, petitions, affidavits, schedules, motions, lists, applications, pleadings and other documents, agreements and papers, including all credit documents, and to take any and all actions that each Authorized Signatory deems necessary or appropriate, each in connection with the Chapter 11 Cases;

**FURTHER RESOLVED**, that each of the Companies is hereby authorized, and each Authorized Signatory shall be, and hereby is, authorized and empowered, on behalf of and in the name of the applicable Company, to the extent applicable, to use, and seek necessary approvals to negotiate and obtain the use of, cash collateral and to prepare each of the documents and instruments necessary to evidence such use, in such amounts and on such terms as may be agreed by any Authorized Signatory, including, without limitation, the grant of replacement liens, superpriority administrative claims, payment of fees and expenses, and other terms, as is reasonably necessary, proper or advisable

2

for the continuing affairs of the applicable Company; and

**FURTHER RESOLVED**, that each of the Companies is hereby authorized, and each Authorized Signatory shall be, and hereby is, authorized and empowered, on behalf of and in the name of the applicable Company, to enter into such agreements, waivers, amendments or modifications, or other supplements relating to such Company's existing indebtedness as may be deemed necessary or appropriate by such Authorized Signatory.

### CHIEF RESTRUCTURING OFFICER

**NOW, THEREFORE, BE IT RESOLVED**, that each of the Authorizing Bodies hereby appoints John C. DiDonato as Chief Restructuring Officer (the "CRO") and Abhimanyu Gupta, as Deputy Chief Restructuring Officer (the "Deputy CRO" and, together with the CRO, the "CROs") of each of the Companies, as applicable, and that the CROs shall report to, and take direction from, the applicable Parent Boards and the applicable Special Committees (as defined below) with respect to matters within the Special Committees' mandate or as otherwise appropriate;

**FURTHER RESOLVED**, that each of the CROs, in coordination with the advisors and other members of management, subject to the control and direction of the applicable Boards (as defined below) and direction of the Special Committees with respect to matters within the Special Committees' mandate, hereby is, authorized and empowered, to negotiate, execute, deliver, and file in the name and on behalf of such Company, and under its seal or otherwise, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, papers, affidavits, declarations, orders, agreements, and other documents in the United States Bankruptcy Court, and, in connection therewith, to take and perform any and all further acts and deeds which the CROs deem necessary, proper, or desirable in connection with such Company's Chapter 11 Case and matters relating thereto;

**FURTHER RESOLVED**, that each of the Authorizing Bodies hereby authorizes and approves in all respects (i) the form, terms, and provisions of that certain Engagement Letter engaging the CROs (the "CROs Engagement Letter"); (ii) the execution and delivery by FAT Brands and Twin Peaks of the CROs Engagement Letter on behalf of each of their direct and indirect subsidiaries; and (iii) the performance by the Companies of their duties and obligations thereunder;

**FURTHER RESOLVED**, that each CRO is authorized and empowered to perform all acts and deeds and to execute and deliver all necessary documents on behalf of the Companies in accordance with the scope outlined in the CROs Engagement Letter and set forth herein; and

**FURTHER RESOLVED**, that each of the Authorizing Bodies hereby authorizes Huron Consulting Group Inc. to assign additional personnel to support the CROs and the Companies, to serve in various capacities with the Companies, and to perform other services required of the CROs and the Companies pursuant to the CROs Engagement Letter.

### RETENTION OF PROFESSIONALS

**NOW, THEREFORE, BE IT RESOLVED**, that each of the Companies is hereby authorized, and each Authorized Signatory shall be, and hereby is, authorized, directed and empowered, on behalf of and in the name of the applicable Company, to employ and retain (i) Latham & Watkins LLP ("Latham") to act as bankruptcy counsel for each of the Companies, (ii) Hunton Andrews Kurth LLP to act as bankruptcy co-counsel for each of the Companies, (iii) GLC Advisors & Co., LLC ("GLC") to act as investment banker for each of the Companies, (iv) Huron Consulting Group Inc. ("Huron") to act as

3

financial advisor and to provide CRO services to each of the Companies, and (v) Omni Agent Solutions, Inc. to act as noticing, solicitation and subscription agent for each of the Companies, in each case, in connection with the Chapter 11 Cases (collectively (i) through (v), the "Professionals");

FURTHER RESOLVED, that FAT Brands and Twin Hospitality shall be, and hereby is, authorized, directed and empowered, on behalf of and in the name of the applicable Company, to employ and retain Steptoe LLP ("Steptoe") to act as counsel for the independent directors of the Parent Boards in connection with the chapter 11 cases of FAT Brands and Twin Hospitality, and to represent either or both Parent Boards and/or Parents as may be requested;

FURTHER RESOLVED, that each of the Companies is hereby authorized, and each Authorized Signatory shall be, and hereby is, authorized, directed and empowered, on behalf of and in the name of the applicable Company, to employ and retain such further legal, restructuring, financial, accounting and bankruptcy services firms as may be deemed necessary or appropriate by each Authorized Signatory to assist such Company in carrying out its responsibilities in the Chapter 11 Cases and achieving a successful reorganization; and

FURTHER RESOLVED, that each of the Companies is hereby authorized, and each Authorized Signatory shall be, and hereby is, authorized and empowered, with full power of delegation, in the name and on behalf of the applicable Company, to take or cause to be taken any and all such further action and to execute and deliver or cause to be executed or delivered, and to amend, supplement or as otherwise modify from time to time, all such further agreements, documents, certificates, statements, notices, undertakings and other writings, and to incur and to pay or direct payment of all such fees and expenses, as in the judgment of the Authorized Signatory shall be necessary, appropriate or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions.

### EXPANSION OF THE BOARDS OF DIRECTORS

WHEREAS, the authorized size of the board of directors (each, a "Board" and, collectively, the "Boards") of each Company set forth on Annex I (collectively, the "SC Entities"), is currently established as set forth on Annex I, and each Board desires to increase the number of authorized directors on such Board as set forth on Annex I, pursuant to the authority contained in such SC Entity's respective Governance Documents; and

WHEREAS, pursuant to each SC Entity's Governance Documents, vacancies and newly-created seats on such SC Entity's Board may be filled by the majority of the current members of such SC Entity's Board.

NOW, THEREFORE, BE IT RESOLVED, that, effective immediately, the authorized number of directors on each Board shall be increased to the number set forth for each SC Entity on Annex I.

### APPOINTMENT OF INDEPENDENT RESTRUCTURING DIRECTORS; APPROVAL OF DIRECTOR AGREEMENTS

WHEREAS, each Board has reviewed, considered and discussed the background, experience and qualifications of Neal P. Goldman and Patrick J. Bartels Jr. (collectively, the "Independent Restructuring Directors"), including, without limitation, consideration of the Independent Restructuring Directors' independence and qualifications for service and all other facts known to such Board;

4

**WHEREAS**, each Board determined that it is in the best interests of its respective SC Entity to appoint the Independent Restructuring Directors to serve as Independent Restructuring Directors of such Board, effective immediately until the Independent Restructuring Directors' successors are duly elected and qualified or until the Independent Restructuring Directors' earlier resignation, death, or removal;

**WHEREAS**, in connection with the appointment of the Independent Restructuring Directors, each Board has determined that it is in the best interests of each respective SC Entity to enter those certain agreements with the Independent Restructuring Directors (the "Independent Restructuring Director Agreements");

**WHEREAS**, the Independent Restructuring Director Agreements set forth the compensation the Independent Restructuring Directors are eligible to receive, which compensation shall be in lieu of any other compensation said directors would otherwise be eligible to receive in connection with their service as independent directors; and

**WHEREAS**, following the appointment of the Independent Restructuring Directors, each Board shall consist of the individuals set forth on Annex II with respect to such Board.

**NOW, THEREFORE, BE IT RESOLVED**, that: (i) the appointment of the Independent Restructuring Directors as independent directors of each Board, effective immediately, be, and hereby is, approved in all respects; (ii) the Independent Restructuring Director Agreements are hereby approved, with such administrative and non-substantive changes as any Authorized Signatory deems necessary or advisable, and such Authorized Signatories are, and each hereby is, authorized and directed in the name and on behalf of the applicable SC Entity to execute and enter into the Independent Restructuring Director Agreements and perform in accordance with each SC Entity's obligations thereunder; and (iii) following the acceptance of the appointments of the Independent Restructuring Directors to serve as independent directors of the SC Entities, each Board shall consist of the individuals set forth on Annex II with respect to such Board.

**FORMATION OF SPECIAL COMMITTEES**

**WHEREAS**, applicable law and the Governance Documents grant each Board the authority to appoint one or more committees of such Board, consisting of one or more members of such Board;

**WHEREAS**, each Board has determined that it is advisable and in the best interests of the applicable SC Entity and its stakeholders to review, consider and, if appropriate, recommend a potential restructuring and/or recapitalization transaction with certain holders of the SC Entities' and/or their affiliates' outstanding debt obligations, including financing, refinancing, reorganization, recapitalization, or change of control whether by sale, merger, consolidation, or otherwise (any such potential strategic alternative, a "Potential Restructuring Transaction");

**WHEREAS**, each Board has determined that it is advisable and in the best interests of the applicable SC Entity and its stakeholders to establish a special committee of such Board (each, a "Special Committee" and, collectively, the "Special Committees"), comprised solely of one or more directors of such Board, each of whom (i) is not an officer, employee, member, or manager of the SC Entities or any of their subsidiaries or affiliates and is otherwise independent of the SC Entities and (ii) does not have an interest in any Potential Restructuring Transaction that is or may be different from the interests of the SC Entities generally, and is otherwise disinterested with respect to any Potential Restructuring Transaction, to carry out the powers, responsibilities and obligations related to the review, consideration, evaluation, negotiation, and recommendation to such Board of the approval or rejection of Potential

5

Restructuring Transactions;

**WHEREAS**, each Board has noted that, depending on the Potential Restructuring Transaction that could be evaluated by such Board, it is possible that certain existing members of such Board could have, or may be deemed to have, an interest in the consummation of a Potential Restructuring Transaction that may conflict with, or be different from or in addition to, the interests of such SC Entity and its stakeholders (in each case, a "Conflict"), the existence of which shall be disclosed to the Special Committees and such Board by any such member that has a Conflict; and

**WHEREAS**, each Board deems it advisable and in the best interests of the applicable SC Entity and its stakeholders to delegate to such Board's Special Committee certain rights, authority and powers in connection with the review, consideration, and, if appropriate, recommendation of Potential Restructuring Transactions and any related matters.

**NOW, THEREFORE, BE IT RESOLVED**, that each Board hereby establishes its respective Special Committee, effective as of the date hereof;

**FURTHER RESOLVED**, that each Board hereby approves the appointment of (i) Neal P. Goldman and (ii) Patrick J. Bartels Jr. as set forth on Annex II, as the members of its Special Committee (collectively, in such capacity, the "Special Committee Directors"), to serve until the earlier of their resignation, removal or replacement by such Board, or death;

**FURTHER RESOLVED**, that each Board hereby approves the determination that each Special Committee Director (i) is not a current officer, employee, member or manager of any Company or any of its subsidiaries or affiliates and is otherwise independent of the Companies and (ii) does not have an interest in any Potential Restructuring Transaction that is different from or in addition to the interests of the Companies generally, and is otherwise disinterested with respect to any Potential Restructuring Transaction;

**FURTHER RESOLVED**, that each Board hereby approves the delegation of duties, responsibilities, rights and authority (including rights to indemnification and advancement of expenses) to its respective Special Committee and Special Committee Directors, including such Special Committee's authority to review, consider, evaluate, explore, negotiate, and recommend to such Board the approval or rejection of a Potential Restructuring Transaction; *provided*, for the avoidance of doubt, that it shall be such Board's exclusive right to approve any Potential Restructuring Transaction (except as otherwise set forth herein);

**FURTHER RESOLVED**, that to assist each Board in addressing matters relating to a Potential Restructuring Transaction, its Special Committee shall have the power and authority to (i) review and evaluate any Potential Restructuring Transaction and consider whether it is fair and in the best interests of the applicable Company and its stakeholders to proceed with a Potential Restructuring Transaction, (ii) participate in, and/or consult with and advise management with respect to, discussions and negotiations regarding the terms and conditions of a Potential Restructuring Transaction, (iii) recommend to such Board the approval of a Potential Restructuring Transaction if such Special Committee determines that such Potential Restructuring Transaction is fair to and in the best interests of such Company and its stakeholders, (iv) recommend to such Board the rejection of a Potential Restructuring Transaction if such Special Committee determines that such Potential Restructuring Transaction is not fair to and in the best interests of such Company and its stakeholders, and (v) consider such other matters as may be requested by such Board, or as such Special Committee may deem necessary or appropriate to fulfill its duties and functions as authorized herein, and make any

6

recommendations to such Board with respect thereto as such Special Committee deems appropriate, subject, in each case, to such Board's rights to approve or reject any Potential Restructuring Transaction; *provided*, that any member of such Board that has, or may have or may be deemed to have a Conflict shall disclose such Conflict to such Special Committee and such Board and the remaining Board members shall determine the appropriate manner in which to proceed in reviewing and approving any Potential Restructuring Transaction;

**FURTHER RESOLVED**, that each of (i) Latham, (ii) GLC, LLC, and (iii) Huron is authorized and empowered to assist the Special Committees with respect to their duties, responsibilities, rights and authority;

**FURTHER RESOLVED**, that the officers and agents of the Companies are hereby authorized and directed to provide to the Special Committees, each member thereof, and any of their advisers, agents, counsel and designees, such information and materials, including, without limitation, the books, records, projections, financial statements, and information concerning historical conduct of the Companies and their affiliates, and any documents, reports or studies as may be useful or helpful in the discharge of the Special Committees' duties or the duties of any of their advisers, agents, counsel and designees or as may be determined by the Special Committees, or any member thereof or any of their advisers, agents, counsel and designees to be appropriate or advisable in connection with the discharge of the duties of the Special Committees or any of their advisers, agents, counsel and designees;

**FURTHER RESOLVED**, that each Special Committee is hereby authorized and empowered to do all acts as may be necessary or appropriate in its judgment to carry out the powers, responsibilities and obligations delegated to such Special Committee in these resolutions;

**FURTHER RESOLVED**, that, to the maximum extent permitted by applicable law, the deliberations and records of each Special Committee shall be confidential to third parties and, without limiting the generality of the foregoing, all statutory and common law privileges shall be available with respect to communications from, legal advice rendered to, and documents prepared by counsel to assist, a Special Committee in its deliberations;

**FURTHER RESOLVED**, that each Special Committee is authorized and empowered to determine its own procedures, to hold meetings (including, without limitation, telephonic or virtual meetings) at such locations as each determines to be appropriate and with such invitees as each determines to be appropriate, and to act by unanimous written consent of each of its members in lieu of a meeting, all to the fullest extent permitted by applicable law; and

**FURTHER RESOLVED**, that each Special Committee shall have such further authorities, duties and powers as may be determined by the applicable Board from time to time.

**SPECIFIED PARENT MATTERS**

**WHEREAS**, in connection with the restructuring of the Companies, the Chapter 11 Cases, and/or a Potential Restructuring Transaction, FAT Brands and/or Twin Hospitality may possess or assert certain "manager advance(s)" intercompany claims, and/or act, seek to act, directly or in conjunction with certain other persons or entities, as a potential acquirer of some or all assets of some or all of the Companies (such matters, and other matters determined by the applicable Special Committee to present potential Conflicts between FAT Brands and/or Twin Hospitality and the other Companies and their stakeholders, the "Specified Parent Matters");

7

**NOW, THEREFORE, BE IT RESOLVED**, that in connection with the Specified Parent Matters, the applicable Parent Board, and not its respective Special Committee, shall (i) review, consider, evaluate, explore, negotiate, and approve any such transaction solely on behalf of FAT Brands and/or Twin Hospitality, as applicable, and (ii) may engage separate advisors to advise the applicable Parent Board solely with respect to Specified Parent Matters; and

**FURTHER RESOLVED**, that to the extent a Specified Parent Matter relates to a Company other than FAT Brands or Twin Hospitality, the respective Special Committee (i) shall review, consider, evaluate, explore, and negotiate in connection with any such Specified Parent Matter on behalf of such Company; (ii) in determining whether a transaction involving a Specified Parent Matter is fair to and in the best interests of such Company, recommend the approval or rejection of a transaction involving a Specified Parent Matter; and (iii) may engage advisors to advise with respect to such Specified Parent Matter as appropriate and determined by the respective Special Committee.

## INVESTIGATION POWERS

**WHEREAS**, in connection with any Potential Restructuring Transaction, a Special Committee may determine: (i) that it is appropriate to initiate, conduct and oversee any investigation or review of any potential claims or historical transactions entered into by the applicable SC Entity or its subsidiaries that may be addressed, released or implicated in any Potential Restructuring Transaction; (ii) it is appropriate to initiate, conduct and oversee any investigation into any potential Conflicts; and (iii) what steps, if any, should be taken in relation to any of the foregoing, including, without limitation, the release or compromise of any such claims, subject to approval of the applicable Board (excluding any director that is the subject of such investigation or has a Conflict with respect thereto) (collectively, "Investigation Actions").

**NOW, THEREFORE, BE IT RESOLVED**, that each Board hereby approves the delegation of duties, responsibilities, rights and authority (including rights to indemnification and advancement of expenses) to its Special Committee and the Independent Restructuring Directors as contemplated herein, including the authority to conduct Investigation Actions;

**FURTHER RESOLVED**, that each Special Committee shall have the sole authority, in its business judgment and with the advice of counsel, to determine and control any Investigation Actions; and

**FURTHER RESOLVED**, that each Special Committee may update the applicable Board at its meetings regarding the progress and outcome of any Investigation Actions in the manner that such Special Committee determines appropriate and necessary.

## GENERAL AUTHORITY AND RATIFICATION OF CONSISTENT ACTIONS

**NOW, THEREFORE, BE IT RESOLVED**, that all past or future acts lawfully done or actions lawfully taken by any Authorized Signatory or any of the Professionals or Steptoe in connection with the Chapter 11 Cases, any proceedings or matters related thereto, including the expansion of the Boards, the appointment of the CROs and the Independent Restructuring Directors, the approval of the CROs Engagement Letter and Independent Restructuring Director Agreements, and the formation of the Special Committees be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Companies;

8

**FURTHER RESOLVED**, that all actions taken and agreements and documents executed by the Authorized Signatories, or any person or persons designated and authorized to act by any of them, prior to the adoption of these resolutions which would have been authorized by these resolutions had such actions been taken (or documents been executed) after adoption of these resolutions, are ratified, confirmed, approved and adopted in all respects;

**FURTHER RESOLVED**, that each Authorized Signatory, acting alone, is authorized and directed on behalf of the applicable Company to do or cause to be done, and to grant such powers of attorney as are necessary or desirable to do or be done on behalf of the applicable Company or its subsidiaries, all such acts or things and to sign and deliver, or cause to be signed and delivered, all such agreements, documents, instruments and certificates, as such officer or officers may deem necessary, advisable or appropriate to effectuate or carry out the purposes and intent of the foregoing resolutions and to perform the obligations of the Companies under the agreements and instruments referred to therein, with such execution and delivery of such agreements, documents, instruments or certificates to be conclusive evidence that the form, terms and provisions thereof have been approved by the Authorizing Bodies; and

**FURTHER RESOLVED**, that the Authorizing Bodies hereby approve of the transactions discussed herein and all related documents, instruments and agreements relating to such transactions on behalf of each of the Companies, as applicable, and hereby authorize each of the Companies to approve the transactions, and hereby authorize each of the Companies to enter into and perform each of their respective obligations in connection with the transactions and all related agreements, documents, instruments and certificates contemplated thereby.

These Consents may be executed in one or more counterparts, including via Docusign, facsimile, portable document format (pdf) or other electronic transmission, each of which shall be deemed an original for all purposes and all of which together shall constitute one and the same written consent.

9

**IN WITNESS WHEREOF**, the undersigned, being

    i.  all of the members of the FAT Brands Board,

    ii.  all of the members of the Twin Hospitality Board,

    iii.  each of the sole members or stockholders of the entities listed on <u>Schedules 1-16</u>,

    iv.  each of the sole managers of the entities listed on <u>Schedules 2</u>, <u>3</u>, <u>4</u>, <u>5</u>, <u>8</u>, <u>9</u>, <u>10</u>, <u>11</u>, <u>14</u>, <u>15</u>, and <u>16</u>,

    v.  the independent manager of the entities listed on <u>Schedule 2</u> and Twin Hospitality I, LLC and, pursuant to the operating agreements of the above referenced entities, such independent manager is required to approve of certain actions of the entities listed on <u>Schedules 2</u>, <u>3</u>, <u>4</u>, <u>5</u>, <u>8</u>, <u>9</u>, <u>10</u>, <u>11</u>, <u>14</u>, <u>15</u>, and <u>16</u>, and

    vi.  all of the members of each of the board of directors of Fog Cap Acceptance Inc., Fazoli's Group, Inc., Fazoli's Restaurant Group, Inc., Fazoli's Promotions Inc., Seeds of Compassion Fund, Inc., Round Table Pizza, Inc., Round Table Advertising Fund (C Corp), Barbeque Integrated, Inc., and the entities listed on <u>Schedules 12-14</u>,

    have executed these written Consents as of the date first written above.

*[Signature Pages Follow]*

**FAT Brands Inc.**, on behalf of itself, and in its capacity as sole member of the entities listed on Schedules 1 and 2, sole manager of the entities listed on Schedules 2, 3, 4, 5, 8, 9, 14, and 15, and sole stockholder of the entities listed on Schedule 12

_____
Andrew A. Wiederhorn, Director

_____
John S. Allen, Director

_____
Donald J. Berchtold, Director

_____
Lynne L. Collier, Director

_____
Tyler B. Child, Director

_____
Mark Elenowitz, Director

_____
Peter R. Feinstein, Director

_____
Matthew H. Green, Director

_____
John C. Metz, Director

_____
Carmen Vidal, Director

_____
Mason A. Wiederhorn, Director

_____
Taylor A. Wiederhorn, Director

_____
Thayer D. Wiederhorn, Director

-26-

**Twin Hospitality Group Inc.**, on behalf of itself, and in its capacity as sole member of Twin Hospitality I, LLC and sole manager of the entities listed on <u>Schedules 10</u>, <u>11</u>, and <u>16</u>

Signed by:

_____
6F0A8CC612DA4FA...
Andrew A. Wiederhorn, Director

DocuSigned by:

_____
D7C47530A81442F...
Kenneth J. Anderson, Director

Signed by:

_____
5D112800CD18450...
David Jobe, Director

Signed by:

_____
9A985D4CD02A493...
Lynne L. Collier, Director

**Kristine E. Eppes**, in her capacity as Independent Manager of the entities listed on Schedule 2 and Twin Hospitality I, LLC, authorizing the above referenced actions on behalf of the entities listed on Schedules 2, 3, 4, 5, 8, 9, 10, 11, 14, 15, and 16,

_____

Kristine E. Eppes

-28-

Docusign Envelope ID: A73A57A3-AF6F-4636-97DE-1056F1FE6D01

**FAT Brands Royalty I, LLC**, in its capacity as sole member of the entities listed on <u>Schedule 3</u> and sole stockholder of the entities listed on <u>Schedule 14</u>

Signed by:

_____
6F0A8CC612DA4FA...

Andrew A. Wiederhorn, President and Chief Executive Officer

**FAT Brands GFG Royalty I, LLC**, in its capacity as sole member of the entities listed on <u>Schedule 4</u> and sole stockholder of Round Table Pizza, Inc.

Signed by:

_____
0F0A0CC612DA4FA...

Andrew A. Wiederhorn, President and Chief Executive Officer

**FAT Brands Fazoli's Native I, LLC** in its capacity as sole member of entities listed on Schedule 5

Signed by:

6F0A8CC612DA4FA...

Andrew A. Wiederhorn, President and Chief Executive Officer

-31-

Docusign Envelope ID: A72A57A3-AF5F-4636-97DE-1056F1EE6D01

Each of the entities listed on <u>Schedule 6</u> in its capacity as the sole member and/or sole shareholder of the applicable entities listed on <u>Schedule 7</u>

Signed by:

_____
0F0A0CC012DA4FA...

Andrew A. Wiederhorn, President and Chief Executive Officer

-32-

Docusign Envelope ID: A73A57A3-AF5F-4636-97DE-1056F1FE6D01

Each of the entities listed on <u>Schedule 8</u> in its capacity as the sole member of the applicable entities listed on <u>Schedule 9</u>

Signed by:

_____
8F0A8CC612DA4FA...

Andrew A. Wiederhorn, President and Chief Executive Officer

Each of the entities listed on <u>Schedule 10</u> in its capacity as the sole member and/or sole stockholder of the applicable entities listed on <u>Schedule 11</u>

Signed by:

_____
0F0A8CC012DA4FA...

Andrew A. Wiederhorn, Chief Executive Officer

Docusign Envelope ID: A73A57A3-AECF-4636-97DE-1056E1EE6D01

Each of the entities listed on <u>Schedules 12-14</u> on behalf of itself

Signed by:

*Taylor Wiederhorn*

8540418512F848C...

Taylor Wiederhorn, Sole Director

-35-

Docusign Envelope ID: A73A57A3-AECF-4636-97DE-1056E1EE6D01

**Fog Cap Acceptance Inc.**, on behalf of itself

_____
Andrew A. Wiederhorn, Sole Director

Docusign Envelope ID: A73A57A3-AF6F-4636-97DE-1056F1EE6D01

**Fazoli's Holdings, LLC**, in its capacity as sole stockholder of Fazoli's Group, Inc.

Andrew A. Wiederhorn, President and Chief Executive Officer

**Fazoli's Group, Inc.**, on behalf of itself, and in its capacity as sole stockholder of Fazoli's Restaurant Group, Inc.

Signed by:

_Taylor Wiederhorn_

8540416512F848C...

Taylor Wiederhorn, Director

Signed by:

5C88A2025E3E409...

Kenneth Kuick, Director

DocuSigned by:

98500D22AEF04C3...

Allen Sussman, Director

**Fazoli's Restaurant Group, Inc.**, on behalf of itself, and in its capacity as sole member of Fazoli's Franchising System, LLC, Fazoli's Franchising Systems Canada, LLC, Fazoli's System Management, LLC, limited partner of Fazoli's Joint Venture, Ltd., and sole stockholder of Fazoli's Promotions, Inc. and Seeds of Compassion Fund, Inc.

Signed by:

_Taylor Wiederhorn_

8540416512F848C...

Taylor Wiederhorn, Director

Signed by:

5C88A2025E3E409...

Kenneth Kuick, Director

DocuSigned by:

98560D22AEF04C3...

Allen Sussman, Director

Docusign Envelope ID: A72A57A3-AF6F-4636-97DE-1056F1EE6D01

**Fazoli's Promotions Inc.**, on behalf of itself

Signed by:

*Taylor Wiederhorn*

8540416512F848C...

Taylor Wiederhorn, Director

Signed by:

5C88A2025E3E409...

Kenneth Kuick, Director

DocuSigned by:

98560D22AEF64C3...

Allen Sussman, Director

Docusign Envelope ID: A73A57A3-AECF-4636-97DE-1056E1EE6D01

**Seeds of Compassion Fund, Inc.**, on behalf of itself

Signed by:

*Frederick Fisher*

FBB1D9CE7907420...

Fred Fischer, Sole Director

Docusign Envelope ID: A73A57A3-AF5F-4636-97DE-1056F1FE6D01

**Round Table Pizza, Inc.**, on behalf of itself, and in its capacity as sole member of Round Table Advertising LLC and sole stockholder of Round Table Franchise Corporation

Signed by:

*Taylor Wiederhorn*

8540416512F848C...

Taylor Wiederhorn, Sole Director

Docusign Envelope ID: A73A57A3-AF5F-4636-97DE-1056F1FE6D01

**Fazoli's System Management, LLC**, as general partner of Fazoli's Joint Venture, Ltd.

Allen Sussman, Secretary

**Round Table Advertising LLC**, in its capacity as sole stockholder of Round Table Advertising Fund (C Corp)

Signed by:

_____
6F0A8CC612DA4FA...

Andrew A. Wiederhorn, President and Chief Executive Officer

Docusign Envelope ID: A73A57A3-AF5F-4636-97DE-1056F1EE6D01

**Round Table Advertising Fund (C Corp)**, on behalf of itself

Andrew A. Wiederhorn, Sole Director

**LS GFG Holdings, Inc.**, in its capacity as sole stockholder of GFG Holding, Inc.

Taylor Wiederhorn, Sole Director

Docusign Envelope ID: A73A57A3-AF6F-4636-97DE-1056F1EE6D01

**GFG Holding Inc.**, in its capacity as sole stockholder of GFG Intermediate Holding, Inc.

_Taylor Wiederhorn_

8540416512F848C...

Taylor Wiederhorn, Sole Director

**Barbeque Integrated, Inc.**, on behalf of itself, and in its capacity as sole member of Smokey Bones (Florida), LLC, GMR of Pennsylvania – SB Properties, LLC, and Integrated Card Solutions, LLC

Signed by:

5C88A2025E3E409...

Kenneth Kuick, Director


Kristine E. Eppes, Independent Director

**Barbeque Integrated, Inc.**, on behalf of itself, and in its capacity as sole member of Smokey Bones (Florida), LLC, GMR of Pennsylvania – SB Properties, LLC, and Integrated Card Solutions, LLC


Kenneth Kuick, Director

Kristine E. Eppes, Independent Director

Schedule 1

Fog Cutter Acquisition LLC
Yalla Acquisition LLC
FAT Brands Management, LLC
GFG Management LLC
Round Table Pizza Nevada, LLC
HDOS Acquisition, LLC
Global Franchise Group, LLC
WBS FB 2023 Holdings LLC
FAT GFG Notes I, LLC
FAT Royalty Notes I LLC
FB SAMO Sepulveda, LLC

Schedule 2

FAT Brands Royalty I, LLC,
FAT Brands GFG Royalty I, LLC,
FAT Brands Fazoli's Native I, LLC, and
FB Resid Holdings I, LLC

Schedule 3

Ponderosa Franchising Company LLC
Hurricane AMT LLC
EB Franchises LLC
Johnny Rockets Licensing Canada, LLC
Bonanza Restaurant Company LLC
Yalla Mediterranean Franchising Company, LLC
Johnny Rockets Licensing, LLC
FAT Virtual Restaurants LLC

Schedule 4

HDOS Franchise Brands, LLC
Marble Slab Franchise Brands, LLC
AFB Dissolution, LLC
GAC Franchise Brands, LLC
GAC Manufacturing LLC
MaggieMoo's Franchise Brands, LLC
PM Franchise Brands, LLC
GAC Supply, LLC
PT Franchise Brands, LLC

Schedule 5

Fazoli's Holdings, LLC
Native Grill and Wings Franchising, LLC

Schedule 6

Fog Cutter Acquisition LLC
Fog Cap Development LLC

Schedule 7

Homestyle Dining LLC
Fog Cap Development LLC
BC Canyon LLC
Fog Cap Acceptance Inc.

Schedule 8

HDOS Franchise Brands, LLC
Marble Slab Franchise Brands, LLC
GAC Franchise Brands, LLC
MaggieMoo's Franchise Brands, LLC
PM Franchise Brands, LLC
PT Franchise Brands, LLC
HDOS Franchising, LLC
GAC Franchising, LLC
MaggieMoo's Franchising, LLC
PM Franchising, LLC
PT Franchising LLC
Round Table Advertising LLC
Marble Slab Franchising, LLC
Native Grill and Wings Franchising, LLC

Schedule 9

HDOS Franchising, LLC
HDOS Showcase, LLC
GAC Franchising, LLC
GAC Corporate Holdings, LLC
MaggieMoo's Franchising, LLC
PM Corporate Holdings, LLC
PM Franchising, LLC
PT Franchising LLC
Round Table Advertising LLC
HDOS Brand and Marketing Fund, LLC
Marble Slab Franchising, LLC
MSC Corporate Holdings, LLC
GAC Brand and Marketing Fund, LLC
Mini Bake by Great American Cookies, LLC
Mini-Bake by GAC LLC
MaggieMoo's Brand and Marketing Fund, LLC
PM Brand and Marketing Fund, LLC
PT Brand and Marketing Fund, LLC
Marble Slab Brand and Marketing Fund LLC

Schedule 10

Twin Hospitality I, LLC
Twin Peaks Buyer, LLC
Twin Restaurant Holding, LLC
Twin Restaurant RE, LLC
Twin Restaurant Development, LLC
Twin Restaurant Franchise, LLC
TP Franchise Venture I, LLC
TP Texas Restaurant Services, LLC
Twin Restaurant, LLC
Twin Restaurant JV Holding, LLC
Twin Restaurant Investment Company, LLC
Twin Restaurant Viva Las Vegas, LLC
Twin Restaurant Investment Company II, LLC
Twin Restaurant El Paso, LLC
Twin Restaurant Sunland Park, LLC
Twin Restaurant S Fort Worth, LLC
Twin Restaurant N Irving, LLC
Twin Restaurant Western Center, LLC
Twin Restaurant Denver, LLC
Twin Restaurant San Antonio, LLC
Twin Restaurant Odessa, LLC
Twin Restaurant Westover, LLC
Twin Restaurant Park North, LLC
Twin Restaurant Park North Management, LLC
Twin Restaurant McKinney, LLC
Twin Restaurant Beverage Holding, LLC
Twin Restaurant San Marcos, LLC
Twin Restaurant Midland, LLC
Twin Restaurant Live Oak, LLC
Twin Restaurant San Angelo, LLC
Twin Restaurant Amarillo, LLC
Twin Restaurant Burleson, LLC
Twin Restaurant Grand Prairie, LLC
Twin Restaurant Northlake, LLC
Twin Restaurant Plano, LLC
Twin Restaurant Terrell, LLC
Twin Restaurant San Marcos Management, LLC
Twin Restaurant Live Oak Management, LLC
Twin Restaurant San Angelo Management LLC
Twin Restaurant Amarillo Management, LLC
Twin Restaurant Burleson Management, LLC
Twin Restaurant Grand Prairie Management, LLC

Schedule 11

Barbeque Integrated, Inc.
Twin Peaks Buyer, LLC
Twin Restaurant Holding, LLC
Twin Restaurant RE, LLC
Twin Restaurant IP, LLC
Twin Restaurant Development, LLC
Twin Restaurant New Mexico, LLC
Twin Restaurant Franchise, LLC
TP Franchise Venture I, LLC
Twin Restaurant, LLC
Twin Restaurant JV Holding, LLC
Twin Restaurant Sarasota RE, LLC
Twin Restaurant Live Oak RE, LLC
Twin Restaurant McKinney RE, LLC
Twin Restaurant Terrell RE, LLC
Twin Restaurant Plano RE, LLC
Twin Restaurant Northlake RE, LLC
TP Texas Restaurant Services, LLC
TP Franchise Austin, LLC
TP Franchise Round Rock, LLC
TP Texas Beverages, LLC
Twin Restaurant Viva Las Vegas, LLC
Twin Restaurant Investment Company II, LLC
Twin Restaurant International Franchise, LLC
TP Texas Beverage Services, LLC
Twin Restaurant Investment Company, LLC
Twin Restaurant LV-I, LLC
Twin Restaurant El Paso, LLC
Twin Restaurant N Irving, LLC
Twin Restaurant Western Center, LLC
Twin Restaurant Denver, LLC
Twin Restaurant Sunland Park, LLC
Twin Restaurant S Fort Worth, LLC
Twin Restaurant Warrenville, LLC
Twin Restaurant Oakbrook, LLC
Twin Restaurant N Irving Beverage Holding, LLC
Twin Restaurant Western Center Beverage Holding, LLC
Twin Restaurant Centennial, LLC
Twin Restaurant El Paso Beverage Holding, LLC
Twin Restaurant Sunland Park Beverage Holding, LLC
Twin Restaurant S Fort Worth Beverage Holding, LLC
Twin Restaurant LV-2 LLC
Twin Restaurant San Antonio, LLC
Twin Restaurant Odessa, LLC
Twin Restaurant Denver, LLC (CO)
Twin Restaurant Westover, LLC
Twin Restaurant Park North, LLC
Twin Restaurant Little Rock, LLC
Twin Restaurant San Antonio Beverage Holding LLC

Twin Restaurant Odessa Beverage Holding, LLC
Twin Restaurant Broomfield, LLC
Twin Restaurant Westover Beverage Holding, LLC
Twin Restaurant Park North Management, LLC
Twin Restaurant Park North Beverage Holding, LLC
Twin Restaurant Beverage Holding, LLC
Twin Restaurant Virginia Beach, LLC
Twin Restaurant McKinney, LLC
Twin Restaurant San Marcos, LLC
Twin Restaurant Frisco, LLC
Twin Restaurant Live Oak, LLC
Twin Restaurant San Angelo, LLC
Twin Restaurant Amarillo, LLC
Twin Restaurant Burleson, LLC
Twin Restaurant Grand Prairie, LLC
Twin Restaurant Lakeland, LLC
Twin Restaurant Northlake, LLC
Twin Restaurant Terrell, LLC
Twin Restaurant McKinney Beverage Holding, LLC
Twin Restaurant Beverage – Texas, LLC
Twin Restaurant San Marcos Management, LLC
Twin Restaurant Midland, LLC
Twin Restaurant Like Oak Management, LLC
Twin Restaurant San Angelo Management, LLC
Twin Restaurant Amarillo Management, LLC
Twin Restaurant Burleson Management, LLC
Twin Restaurant Grand Prairie Management, LLC
Twin Restaurant Brandon, LLC
Twin Restaurant Northlake Beverage Holding, LLC
Twin Restaurant Terrell, Beverage Holding, LLC
Twin Restaurant Lewisville, LLC
Twin Restaurant San Marcos Beverage Holding, LLC
Twin Restaurant Midland Beverage Holding, LLC
Twin Restaurant Live Oak Beverage Holding, LLC
Twin Restaurant San Angelo Beverage Holding, LLC
Twin Restaurant Amarillo Beverage Holding, LLC
Twin Restaurant Burleson Beverage Holding, LLC
Twin Restaurant Grand Prairie Beverage Holding, LLC
Twin Restaurant Sarasota, LLC (DE)
Twin Restaurant Plano, LLC
Twin Restaurant FL Payroll, LLC
Twin Restaurant Plano Beverage Holding, LLC
TPJV2, LLC
Twin Restaurant JV Management, LLC
TP GA, LLC
Twin Restaurant Newport News, LLC
Twin Restaurant Kissimmee, LLC
Twin Restaurant Citrus Park, LLC
Twin Restaurant Chesapeake, LLC
Twin Restaurant Tyngsboro, LLC

<u>Schedule 12</u>

The Johnny Rockets Group, Inc.
Johnny Rockets Holding Company
LS GFG Holdings, Inc.
Round Table Development Company

Schedule 13

GFG Holding, Inc.
GFG Intermediate Holding, Inc.

Schedule 14

Buffalo's Franchise Concepts Inc.
Puerto Rico Ponderosa Inc.
Ponderosa International Development Inc.
Fatburger North America, Inc.
Round Table Franchise Corporation

Schedule 15

Fazoli's Group, Inc.
Fazoli's Restaurant Group, Inc.
Fazoli's Franchising Systems LLC
Fazoli's Franchising Systems Canada, LLC
Fazoli's System Management, LLC
Fazoli's Joint Venture, Ltd.
Fazoli's Promotions, Inc.
Round Table Pizza, Inc.
Round Table Advertising Fund (C Corp)

Schedule 16

Smokey Bones (Florida), LLC
GMR of Pennsylvania – SB Properties, LLC
Integrated Card Solutions, LLC

**Annex I**

| SC Entity | Authorized Number of Directors on the Board Immediately Prior to These Consents | Authorized Number of Directors on the Board After Giving Effect to These Consents |
|---|---|---|
| **FAT Entities** | | |
| FAT Brands Inc. | 14 | 15 |
| Fog Cap Acceptance Inc. | 1 | 3 |
| Fazoli's Group, Inc. | 1 | 3 |
| Fazoli's Restaurant Group, Inc. | 3 | 5 |
| Fazoli's Promotions Inc. | 3 | 5 |
| Round Table Pizza, Inc. | 1 | 3 |
| Round Table Franchise Corporation | 1 | 3 |
| Round Table Advertising Fund (C Corp) | 1 | 3 |
| LS GFG Holdings, Inc. | 1 | 3 |
| GFG Holding Inc. | 1 | 3 |
| Fatburger North America, Inc. | 1 | 3 |
| Ponderosa International Development, Inc. | 1 | 3 |
| Puerto Rico Ponderosa, Inc. | 1 | 3 |
| Buffalo's Franchise Concepts Inc. | 1 | 3 |
| The Johnny Rockets Group, Inc. | 1 | 3 |
| Johnny Rockets Holding Company | 1 | 3 |
| Round Table Development Company | 1 | 3 |
| GFG Intermediate Holding, Inc. | 1 | 3 |
| **Twin Entities** | | |
| Twin Hospitality Group Inc. | 5 | 6 |
| Barbeque Integrated, Inc. | 2 | 4 |

**Annex II**

| SC Entity | Board of Directors | Special Committee Members |
|---|---|---|
| **FAT Entities** | | |
| FAT Brands Inc. | Andrew A. Wiederhorn<br>John S. Allen<br>Donal J. Berchtold<br>Lynee L. Collier<br>Tyler B. Child<br>Mark Elonewitz<br>Peter R. Feinstein<br>Matthew H. Green<br>John C. Metz<br>Carmen Vidal<br>Mason A. Wiederhorn<br>Taylor A. Wiederhorn<br>Thayer D. Wiederhorn<br>Neal P. Goldman<br>Patrick J. Bartels Jr. | Neal P. Goldman<br>Patrick J. Bartels Jr. |
| Fog Cap Acceptance Inc. | Andrew A. Wiederhorn<br>Neal P. Goldman<br>Patrick J. Bartels Jr. | Neal P. Goldman<br>Patrick J. Bartels Jr. |
| Fazoli's Group, Inc. | Taylor Wiederhorn<br>Ken Kuick<br>Allen Sussman | Neal P. Goldman<br>Patrick J. Bartels Jr. |
| Fazoli's Restaurant Group, Inc. | Taylor Wiederhorn<br>Ken Kuick<br>Allen Sussman<br>Neal P. Goldman<br>Patrick J. Bartels Jr. | Neal P. Goldman<br>Patrick J. Bartels Jr. |
| Fazoli's Promotions Inc. | Taylor Wiederhorn<br>Ken Kuick<br>Allen Sussman<br>Neal P. Goldman<br>Patrick J. Bartels Jr. | Neal P. Goldman<br>Patrick J. Bartels Jr. |
| Round Table Pizza, Inc. | Taylor Wiederhorn<br>Neal P. Goldman<br>Patrick J. Bartels Jr. | Neal P. Goldman<br>Patrick J. Bartels Jr. |
| Round Table Franchise Corporation | Taylor Wiederhorn<br>Neal P. Goldman<br>Patrick J. Bartels Jr. | Neal P. Goldman<br>Patrick J. Bartels Jr. |
| Round Table Advertising Fund (C Corp) | Taylor Wiederhorn<br>Neal P. Goldman<br>Patrick J. Bartels Jr. | Neal P. Goldman<br>Patrick J. Bartels Jr. |

| SC Entity | Board of Directors | Special Committee Members |
|---|---|---|
| LS GFG Holdings, Inc. | Taylor Wiederhorn<br>Neal P. Goldman<br>Patrick J. Bartels Jr. | Neal P. Goldman<br>Patrick J. Bartels Jr. |
| GFG Holding Inc. | Taylor Wiederhorn<br>Neal P. Goldman<br>Patrick J. Bartels Jr. | Neal P. Goldman<br>Patrick J. Bartels Jr. |
| Fatburger North America, Inc. | Taylor Wiederhorn<br>Neal P. Goldman<br>Patrick J. Bartels Jr. | Neal P. Goldman<br>Patrick J. Bartels Jr. |
| Ponderosa International Development, Inc. | Taylor Wiederhorn<br>Neal P. Goldman<br>Patrick J. Bartels Jr. | Neal P. Goldman<br>Patrick J. Bartels Jr. |
| Puerto Rico Ponderosa, Inc. | Taylor Wiederhorn<br>Neal P. Goldman<br>Patrick J. Bartels Jr. | Neal P. Goldman<br>Patrick J. Bartels Jr. |
| Buffalo's Franchise Concepts Inc. | Taylor Wiederhorn<br>Neal P. Goldman<br>Patrick J. Bartels Jr. | Neal P. Goldman<br>Patrick J. Bartels Jr. |
| The Johnny Rockets Group, Inc. | Taylor Wiederhorn<br>Neal P. Goldman<br>Patrick J. Bartels Jr. | Neal P. Goldman<br>Patrick J. Bartels Jr. |
| Johnny Rockets Holding Company | Taylor Wiederhorn<br>Neal P. Goldman<br>Patrick J. Bartels Jr. | Neal P. Goldman<br>Patrick J. Bartels Jr. |
| Round Table Development Company | Taylor Wiederhorn<br>Neal P. Goldman<br>Patrick J. Bartels Jr. | Neal P. Goldman<br>Patrick J. Bartels Jr. |
| GFG Intermediate Holding, Inc. | Taylor Wiederhorn<br>Neal P. Goldman<br>Patrick J. Bartels Jr. | Neal P. Goldman<br>Patrick J. Bartels Jr. |
| **Twin Entities** | | |
| Twin Hospitality Group Inc. | Andrew A. Wiederhorn,<br>Kenneth J. Anderson<br>David Jobe<br>Lynee L. Collier<br>Neal P. Goldman<br>Patrick J. Bartels Jr. | Neal P. Goldman<br>Patrick J. Bartels Jr. |
| Barbeque Integrated, Inc. | Ken Kuick<br>Kristine E. Eppes<br>Neal P. Goldman<br>Patrick J. Bartels Jr. | Neal P. Goldman<br>Patrick J. Bartels Jr. |

Fill in this information to identify the case:

Debtor name: FAT Brands, Inc., et al.

United States Bankruptcy Court for the: Southern District of Texas

Case number (If known): _____

☐ Check if this is an amended filing

Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders   1/26

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor | Complete mailing address, and employee, agents, or department familiar with claim | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | SYSCO | 1290 Enclave Parkway Houston, TX 77077 | 1290 Enclave Parkway Houston, TX 77077 NANCY.PICKETT@SYSCO.COM, GREGG.DADOWSKI@SYSCO.COM | Trade Payables | | | | $4,968,934.33 |
| 2 | ENLIVEN, LLC | 231 PUBLIC SQ STE 300 PMB 49 Franklin, TN 37064 | 231 PUBLIC SQ STE 300 PMB 49 Franklin, TN 37064 | Trade Payables | | | | $4,613,117.16 |
| 3 | Stratford Holding LLC | 119 West 57th St #906 New York, NY 10120 | 119 West 57th St #906 New York, NY 10120 | Unliquidated Litigation | | | | $3,980,000.00 |
| 4 | GIBSON, DUNN & CRUTCHER LLP | 333 S. Grand Ave Los Angeles, CA 99071 | 333 S. Grand Ave Los Angeles, CA 99071 213-229-7333 | Trade Payables | | | | $2,566,869.25 |
| 5 | MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C | One Financial Center Boston, MA 02111 | One Financial Center Boston, MA 02111 617-542-6000 | Trade Payables | | | | $2,483,709.85 |
| 6 | GREENBERG TRAURIG, LLP | 1840 CENTURY PARK EAST, STE. 1900 Los Angeles, CA 90067 | 1840 CENTURY PARK EAST, STE. 1900 Los Angeles, CA 90067 310-586-7700 | Trade Payables | | | | $2,344,298.34 |
| 7 | Hueston Hennigan LLP | 523 West 6th St Unit 400 Los Angeles, CA 90014 | 523 West 6th St Unit 400 Los Angeles, CA 90014 | Trade Payables | | | | $2,290,817.77 |
| 8 | Robert G. Rosen | 14 Todd Road Katonah, NY 10536 | 14 Todd Road Katonah, NY 10536 | Consulting Services | | | | $2,016,666.68 |
| 9 | CARDLYTICS, INC | 75 REMITTANCE DR, DEPT 3247 Chicago, IL 60675-3247 | 75 REMITTANCE DR, DEPT 3247 Chicago, IL 60675-3247 | Trade Payables | | | | $1,750,846.21 |
| 10 | DENTONS US LLP | 601 S. FIGUEROA ST., STE. 2500 Los Angeles, CA 90017-5704 | 601 S. FIGUEROA ST., STE. 2500 Los Angeles, CA 90017-5704 213-243-6120 | Trade Payables | | | | $1,363,746.75 |
| 11 | DOORDASH INC | PO Box 735240 Dallas, TX 75373 | PO Box 735240 Dallas, TX 75373 | Trade Payables | | | | $1,355,890.70 |
| 12 | Iversen Proctor LLP | 1325 Palmetto St Los Angeles, CA 90013 | 1325 Palmetto St Los Angeles, CA 90013 213-787-7699 | Trade Payables | | | | $1,147,660.28 |
| 13 | BRYAN CAVE LEIGHTON PAISNER LLP | PO Box 503089 St. Louis, MO 63150-3089 | PO Box 503089 St. Louis, MO 63150-3089 310-576-2100 | Trade Payables | | | | $1,080,179.84 |
| 14 | Indiana Capital Consulting LLC | 1121 Laurelwood Carmel, IN 46032 | 1121 Laurelwood Carmel, IN 46032 | Consulting Services | | | | $833,332.92 |
| 15 | KATTEN MUCHIN ROSENMAN LLP | 2900 K St, NW North Tower - Ste 200 Washington, DC 20007-5118 | 2900 K St, NW North Tower - Ste 200 Washington, DC 20007-5118 | Trade Payables | | | | $584,644.10 |
| 16 | PERFORMANCE FOOD GROUP, INC. | 12500 West Creek Parkway Richmond, VA 23238 | 12500 West Creek Parkway Richmond, VA 23238 | Trade Payables | | | | $492,759.50 |
| 17 | BDO | PO Box 642743 Pittsburgh, PA 15264-2743 | PO Box 642743 Pittsburgh, PA 15264-2743 305-381-8000 | Trade Payables | | | | $459,022.93 |
| 18 | UNITED SERVICE NETWORK LLC | 16414 San Pedro Ave Suite 455 San Antonio, TX 78232 | 16414 San Pedro Ave Suite 455 San Antonio, TX 78232 | Trade Payables | | | | $408,378.79 |
| 19 | KLEVER PROGRAMATIC US INC | 2212 S. Chicksaw Trail Orlando, FL 32825 | 2212 S. Chicksaw Trail Orlando, FL 32825 | Trade Payables | | | | $405,659.95 |
| 20 | SF PARTNERS LLC | 488 Madison Ave Suite 2103 New York, NY 10022 | 488 Madison Ave Suite 2103 New York, NY 10022 | Trade Payables | | | | $385,759.19 |
| 21 | RE MOORE CONSTRUCTION INC | 1817 Blue Granite Ct Marietta, GA 30066 | 1817 Blue Granite Ct Marietta, GA 30066 770-592-0179 | Trade Payables | | | | $350,852.98 |
| 22 | SIMPLIFI HOLDINGS, LLC | 128 East Exchange Ave Suite 700 Ft. Worth, TX 76164 | 128 East Exchange Ave Suite 700 Ft. Worth, TX 76164 | Trade Payables | | | | $333,047.00 |
| 23 | IHEARTMEDIA | FILE #56107 LOS ANGELES, CA 90074-6107 | FILE #56107 LOS ANGELES, CA 90074-6107 | Trade Payables | | | | $303,534.47 |
| 24 | PLUSNXT | 800 S FIGUEROA ST SUITE 1205 LOS ANGELES, CA 90017 | 800 S FIGUEROA ST SUITE 1205 LOS ANGELES, CA 90017 | Trade Payables | | | | $302,356.31 |
| 25 | GOOGLE INC. | PO BOX 883654 LOS ANGELES, CA 9008-3654 | PO BOX 883654 LOS ANGELES, CA 9008-3654 | Trade Payables | | | | $300,707.98 |
| 26 | PUNCHH INC | P.O. BOX 536257 PITTSBURGH, PA 15253 | P.O. BOX 536257 PITTSBURGH, PA 15253 | Trade Payables | | | | $282,726.65 |

| | Name of creditor | Complete mailing address, and employee, agents, or department familiar with claim | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 27 | RIGHT PLACE MEDIA LLC | 437 LEWIS HARGETT CIR  STE 130 LEXINGTON, KY 40503 | 437 LEWIS HARGETT CIR  STE 130 LEXINGTON, KY 40503 | Trade Payables | | | | $280,519.77 |
| 28 | LOEB AND LOEB LLP GENERAL ACCOUNT | 10100 Santa Monica Blvd Suite 2200 Los Angeles, CA 90067 | 10100 Santa Monica Blvd Suite 2200 Los Angeles, CA 90067 | Trade Payables | | | | $278,464.74 |
| 29 | WYNN LAS VEGAS, LLC | FILE 740910 LOS ANGELES, CA 90074-0910 | FILE 740910 LOS ANGELES, CA 90074-0910 | Trade Payables | | | | $270,824.20 |
| 30 | NCR CORPORATION | PO BOX 198755 ATLANTA, GA 30384-8755 | PO BOX 198755 ATLANTA, GA 30384-8755 | Trade Payables | | | | $254,531.56 |

Official Form 204

-71-