Laurence M. Rosen, Esq.
THE ROSEN LAW FIRM, P.A.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Lead Counsel for Plaintiff and the Class*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITCHELL KATES, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FAT BRANDS INC., ANDREW A. WIEDERHORN, KENNETH J. KUICK, and ROBERT G. ROSEN,<br><br>Defendants. | Case No. 2:24-cv-04775-MWF-MAA<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO MODIFY STAY**<br><br><u>CLASS ACTION</u><br><br>JUDGE: Michael W. Fitzgerald<br>HEARING: April 6, 2026<br>TIME: 10:00 a.m.<br>CTRM: 5A |

Plaintiff Mitchell Kates ("Plaintiff"), individually and on behalf of others similarly situated, through his undersigned counsel hereby submits this memorandum of law in support of his motion to modify the court's stay order. Dkt. No. 42.

## STATEMENT OF FACTS

This action was commenced on June 7, 2024 against defendants FAT Brands, Inc. ("FAT Brands"), Andrew A. Wiederhorn, Kenneth J. Kuick, and Robert G. Rosen alleging violations of federal securities laws. Dkt. No. 1.

On February 21, 2025, Plaintiff was appointed lead plaintiff for the class, and The Rosen Law Firm, P.A. was appointed as class counsel. Dkt. No. 25.

On April 7, 2025, Plaintiff filed the first amended complaint. Dkt. No. 28. Defendants filed their motion to dismiss the first amended complaint on June 6, 2025. Dkt. No. 29. Plaintiff filed his opposition on July 21, 2025. Dkt. No. 32. Defendants filed their reply on August 18, 2025. Dkt. No. 33.

On October 15, 2025, this Court granted Defendants' motion to dismiss the first amended complaint and granted Plaintiff leave to amend the complaint. Dkt. No. 35.

On November 7, 2025, Plaintiff filed his second amended complaint. Dkt. No. 36. Defendants filed their motion to dismiss the second amended complaint on December 1, 2025. Dkt. No. 37. Plaintiff filed his opposition on December 22, 2025. Dkt. No. 38. Defendants filed their reply on December 29, 2025. Dkt. No. 39.

On December 31, 2025, the court continued the hearing on the motion to dismiss the second amended complaint to February 2, 2026. Dkt. No. 40.

On January 28, 2026, Defendant FAT Brands filed a notice of filing of bankruptcy. Dkt. No. 41. The next day, the Court entered an order staying the entire action and denying the motion to dismiss the second amended complaint without prejudice. Dkt. No. 42.

## **ARGUMENT**

**A.** **The Automatic Stay Does Not Extend to Non-Debtors Absent Special Circumstances**

Defendants Andrew A. Wiederhorn, Kenneth J. Kuick, and Robert G. Rosen (collectively, "Individual Defendants") are not parties to FAT Brands' bankruptcy proceeding, and "[i]n the absence of special circumstances, stays pursuant to section 362(a) are limited to debtors and do not include non-bankrupt co-defendants." *Ingersoll–Rand Fin. Corp. v. Miller Mining Co.*, 817 F.2d 1424, 1427 (9th Cir. 1987); *see also Boucher v. Shaw*, 572 F.3d 1087, 1092-93 (9th Cir. 2009) ("[T]he automatic stay does not protect the property of parties such as officers of the debtor, even if the property in question is stock in the debtor corporation, and even if that stock has been pledged as security for the debtor's liability"). And there are no special circumstances here that would justify a broader stay for the benefit of the Individual Defendants facing independent legal liability for their own materially false and misleading statements and material omissions. *See Duval v. Gleason*, 1990 WL 261364, at *4 (N.D. Cal. Oct. 19, 1990) (quoting *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994 (4th Cir. 1986) ("[W]here the non-debtor's liability rests upon his own breach of duty, an automatic stay would clearly not extend to such non debtor.") (cleaned up).

The Ninth Circuit has recognized the general principle that the purpose of a bankruptcy stay is to protect the assets of the debtor for the benefit of the creditors as a group and to "give [the debtor] room to breathe and, thereby, hopefully to reorganize." *Boucher v. Shaw*, 572 F.3d 1087, 1092 (9th Cir. 2009). Thus, the stay should only be extended to non-bankrupt parties where the action would directly put the property of the bankrupt debtor at risk. *Id.* (noting "the automatic stay does not protect the property of parties such as officers of the debtor"); *see also U.S. v. Dos Cabezas Corp.*, 995 F.2d 1486, 1491 (9th Cir. 1993) ("[U]nless the assets of the bankrupt estate are at stake, the automatic stay does not extend to actions against parties other than the debtor.").

**B. <u>Only the Bankruptcy Court May Extend the Stay to Non-Debtors</u>**

Regardless of whether sufficient special or unusual circumstances exist to justify an extension of the stay to the Principal Defendants, the power to extend the stay to non-bankrupt parties lies first with the bankruptcy court. *See Boucher*, 572 F.3d at 1093, n.3 (stating that even if the property of the bankrupt party could be affected by the non-bankrupt parties' liability, "the bankruptcy court would first need to extend the automatic stay under its equity jurisdiction"); *In re Chugach Forest Products, Inc.*, 23 F.3d 241, 247, n.6 (9th Cir. 1994) (finding that "[e]ven if we were to adopt the unusual circumstances test, the bankruptcy court would first need to extend the automatic stay under its equity jurisdiction . . . .") (citing *Patton v. Bearden*, 8 F.3d 343, 349 (6th Cir. 1993)); *Placido v. Prudential Ins. Co. of Am.*, 2010 WL 334744, at *1 (N.D. Cal. Jan. 22, 2010) ("In order to extend the automatic stay to defendants because of their alleged financial connection to the debtor, the extension would have to be issued by the bankruptcy court."). The authority to extend the stay is procedurally an exercise of the bankruptcy court's injunctive authority under § 105(a) of the Bankruptcy Code. *See In re Excel Innovations, Inc.*, 502 F.3d 1086, 1094 (9th Cir. 2007) (holding that the "usual preliminary injunction standard applies to stays of proceedings against non-debtors under § 105(a)"). As the Ninth Circuit observed in Solidus Networks, application of this usual standard "helps to ensure that stays would not be granted lightly." *Id.* at 1095.

Furthermore, within the Ninth Circuit, it is the bankrupt party, FAT Brands, who is required to request that the bankruptcy court extend the stay. The bankruptcy court in this matter has proper jurisdiction to determine whether extending such stay would be necessary to protect the property of FAT Brands and facilitate its reorganization. FAT Brands has made no such request.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that the Court issue an Order granting Plaintiff's motion and lift the stay and allow the case to proceed as to

the Individual Movants.


Dated: March 4, 2026                    Respectfully submitted,

                                        **THE ROSEN LAW FIRM, P.A.**
                                        */s/ Laurence M. Rosen*
                                        Laurence M. Rosen, Esq.
                                        355 South Grand Avenue, Suite 2450
                                        Los Angeles, CA 90071
                                        Telephone: (213) 785-2610
                                        Facsimile: (213) 226-4684
                                        Email: lrosen@rosenlegal.com

                                        *Lead Counsel for Plaintiff and the Class*

## <u>CERTIFICATE OF PAGE LIMIT AND WORD COUNT</u>

The undersigned, counsel of record for Mitchell Kates, certifies that this brief is less than 25 pages and contains 1,004 words, which complies with the page limit of Your Honor's Standing Order and the word limit of L.R. 11-6.1.

Executed on March 4, 2026.

<u>/s/ Laurence M. Rosen</u>
Laurence M. Rosen

## **CERTIFICATE OF SERVICE**

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows: I am the Managing Partner of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071.  I am over the age of eighteen.

On March 4, 2026, I electronically filed the following **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO MODIFY STAY** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on March 4, 2026.


/s/ Laurence M. Rosen
Laurence M. Rosen